SCHOTT, Chief Judge.
Plaintiff, Leslie W. Levenson, obtained a preliminary injunction against defendants, Dr. Charles Steiner and the American Arbitration Association, from proceeding with arbitration of issues arising out of the partnership, Westbank Cardiac Facilities. In granting the injunction the trial court overruled defendants’ exception of prematurity. The principal issue is whether the partners are bound by provisions of the partnership agreement requiring arbitration when the partnership has been terminated upon being reduced to one person, Steiner, by the withdrawal of the other, Levenson, from the partnerships.
Westbank leased a building to Dr. Steiner’s medical corporation. Westbank originally consisted of three partners in 1983. In 1985 the third partner withdrew and Steiner and Levenson acquired his interest with the result that Steiner owned 75% of Westbank and Levenson, 25%. The partnership contains the following pertinent provisions:
ARTICLE IX
RETIREMENT OR DEATH OF A PARTNER
9.1 RETIREMENT
A partner may retire from the Partnership ...
9.2 EFFECT OF RETIREMENT OR DEATH
The Partnership shall not be dissolved by the retirement or death of a Partner.
9.3 CONTINUATION OF THE PARTNERSHIP
The remaining partners shall have the right to continue the Partnership business under its present name following the retirement or death of a Partner and to cause the Partnership to make the payments specified in Articles X and XI.
ARTICLE X
VALUATION OF THE INTEREST OF A RETIRING, DECEASED OR EXPELLED PARTNER
10.2 APPRAISAL OF CERTAIN PARTNERSHIP PROPERTIES
All Partnership assets shall be valued at book value except that the appraised value of personal and real property shall be substituted for book value. The difference between the total appraised value and the book value of property shall increase or decrease the Partners’ capital accounts in the proportion of their interests in profits or losses of the Partner *468 ship specified in Article VI. The appraised value shall be determined as of the date of retirement, death, or expulsion of the Partner and shall be made by an appraiser selected by agreement between the continuing Partners and the retiring or expelled Partner or the personal representative of the deceased Partner. If they cannot agree on an appraiser, the appraisal shall be made in accordance with the rules of the American Arbitration Association then in effect. No value shall be attributed to Partnership goodwill in the appraisal made under this subsection. (Emphasis supplied).
ARTICLE XIV.
ARBITRATION
If any controversy or claim arising out of this Partnership Agreement cannot be settled by the Partners, the controversy or claim shall be settled by arbitration in accordance with the rules of the American Arbitration Association then in effect, and judgment of the award may be entered in any court having jurisdiction.
On July 27, 1989 Levenson withdrew from Westbank. On October 25 Steiner notified Levenson of his election to continue the partnership business and to acquire Levenson’s interest in accordance with Article IX of the partnership agreement. On July 23, 1990 Levenson advised Steiner that the “former” partnership agreement no longer controlled because the partnership, upon being reduced to one person, terminated by operation of law. Shortly thereafter, Westbank and Steiner served Leven-son with a Notice of Intention to Arbitrate pursuant to Article 10.2 of the Articles. The notice framed the issue as the value of Levenson’s interest as of July 27, 1989 to be determined in accordance with Articles 10.1 and 10.2. On September 20, 1990, Levenson instituted the present proceedings obtaining a temporary restraining order against arbitration until the issuance of the preliminary injunction on October 17, 1990.
In response to Levenson’s petition Steiner filed a number of exceptions including one of prematurity based upon Levenson’s failure to submit to arbitration in accordance with the partnership agreement. The court overruled the exception of prematurity and deferred ruling on the other exceptions. The court reasoned that the reduction of the partnership to one person resulted in the termination of the partnership by operation of law and made the articles of the now terminated partnership inapplicable to the dispute. The court held that Wright v. Round the Comer Restaurants of La., Inc., 252 So.2d 341 (La.App. 4th Cir.1971) relied upon by Steiner, was not controlling because the case was superced-ed by the revision of the Louisiana Partnership Law by act 150 of 1980.
A partnership is terminated by the reduction of its membership to one person. LSA-C.C. art. 2826. However, if a partnership terminates because its membership is reduced to one person, that person is not bound to liquidate the partnership and may continue the business as a sole proprietor. Art. 2828. If membership is reduced to one person, the former partners cannot compel liquidation. Revision Comment (c) to art. 2828. Article X of the partnership agreement clearly contemplates the situation where a partner retires leaving more than one partner remaining to continue the partnership.
However, whether considered in the light of termination under C.C. arts. 2826 and 2828 or continuation under Article X of the partnership agreement, Levenson’s situation is basically the same: he is entitled to the value of his interest in the partnership and the only present question is whether the determination of that value is to be by arbitration or by the court.
Article XIV broadly proclaims that any controversy or claim arising out of the partnership shall be settled by arbitration. The value of Levenson’s interest is such a claim. We construe this provision to mean that the parties intended to settle such claims by arbitration even if they arise in connection with the termination of the partnership. In effect, the claim survives the *469 partnership and the agreement to arbitrate in Article XIV is still binding on the parties.
This was the holding of the court in Round the Corner Restaurants, supra. Even though the employee had been discharged his employment contract’s provisions for arbitration of disputes survived. We see nothing in the 1980 revision of the law on partnership to suggest that the cited case is no longer authoritative on the issue. The trial court erred in failing to follow the case and in holding that the issue of the value of Levenson’s interest in the partnership was not subject to arbitration.
The only basis for the issuance of the injunction was the trial court’s erroneous conclusion that the dispute was not subject to arbitration pursuant to the partnership agreement. Consequently, Levenson is not entitled to injunctive relief.
Accordingly, the judgment of the trial court is reversed and set aside. There is judgment in favor of defendant, Charles Steiner, and against plaintiff, Leslie W. Le-venson, sustaining Steiner’s exception of prematurity and dismissing Levenson’s suit. The preliminary injunction against Steiner and the American Arbitration Association is dissolved. All costs of these proceedings are assessed against plaintiff, Leslie W. Levenson.
REVERSED AND RENDERED.