672 So.2d 979 (1996)
OCHSNER CLINIC
v.
MAXICARE LOUISIANA, INC.
No. 95-CA-959.
Court of Appeal of Louisiana, Fifth Circuit.
March 26, 1996.
Writ Denied June 7, 1996.
*980 Donna D. Fraiche, Amelia Williams Koch, Phyllis Guin Cancienne, Locke, Purnell, Rain, Harrell, New Orleans, for Defendant-Appellant Maxicare Louisiana, Inc.
Perry R. Staub, Jr., Alycia Olano Ward, Monroe & Lemann, New Orleans, for Plaintiff-Appellee Ochsner Clinic.
Before GOTHARD, CANNELLA and DALEY, JJ.
CANNELLA, Judge.
Defendant, Maxicare Louisiana, Inc. (Maxicare), appeals from a judgment rendered in its contract dispute with plaintiff, Ochsner Clinic (Ochsner). For the reasons which follow, we reverse the trial court judgment, vacate the injunction and dismiss the petition.
In the latter part of 1993, Ochsner approached Maxicare with an interest in expanding its managed care relationships. Maxicare and Ochsner entered into negotiations that resulted in the execution of a contract for the providing by Ochsner of health care services to members enrolled in Maxicare's prepaid health care plan. The effective date of the contract was December 1, 1993. The contract provided for a minimum initial term of one year. Only two months into the initial term, Ochsner gave written notice of its intent to terminate the contract. Maxicare informed Ochsner that it considered the notice of termination to be a breach of the parties' contract. After informal negotiations to resolve the dispute were unsuccessful, the parties, according to the contract, submitted their dispute to mediation, which also proved unsuccessful. On August 31, 1994, Maxicare filed a Demand for Arbitration. Ochsner refused to submit to binding arbitration, since they felt that they were not required to do so under the contract. Ochsner then filed suit for an injunction and declaratory judgment, sidestepping mandatory arbitration of the dispute.
The two clauses of the contract pertinent to the question presented here, whether arbitration is mandatory, in lieu of litigation, upon written demand by one of the parties, are contained in Section 10.1 and Exhibit 10 of the contract and provide as follows:
SECTION 10RESOLUTION OF DISPUTES
10.1 CONTRACT DISPUTE RESOLUTION

IF ANY CLAIM, DISPUTE, OR CONTROVERSY (ANY OR ALL OF WHICH SHALL BE HEREINAFTER REFERRED TO AS DISPUTE) SHALL ARISE BETWEEN THE PARTIES HERETO WITH RESPECT TO THE MAKING, CONSTRUCTION, TERMS, OR INTERPRETATION OF THIS AGREEMENT OR ANY BREACH THEREOF, OR THE RIGHTS OR OBLIGATIONS OF ANY PARTY HERETO, AND IF SAID DISPUTE CANNOT BE SETTLED THROUGH NEGOTIATION, THE PARTIES AGREE FIRST TO TRY IN GOOD FAITH TO SETTLE THE DISPUTE BY MEDIATION UNDER THE COMMERCIAL MEDIATION RULES OF THE AMERICAN ARBITRATION ASSOCIATION, BEFORE RESORTING TO ARBITRATION, LITIGATION, OR SOME OTHER DISPUTE RESOLUTION PROCEDURE.

(emphasis added)
* * * * * *
EXHIBIT 10
ARBITRATION OF CONTRACT DISPUTES

CONTRACT DISPUTE RESOLUTION *981 IF ANY CLAIM, DISPUTE OR CONTROVERSY (ANY OR ALL OF WHICH SHALL HEREINAFTER BE REFERRED TO AS "DISPUTE") SHALL ARISE BETWEEN THE PARTIES HERETO WITH RESPECT TO THE MAKING, CONSTRUCTION, TERMS, OR INTERPRETATION OF THIS AGREEMENT OR ANY BREACH THEREOF, OR THE RIGHTS OR OBLIGATIONS OF ANY PARTY HERETO, AND THE PARTIES ARE UNABLE TO RESOLVE THE DISPUTE BY MEDIATION, AS INDICATED IN SECTION 10.1, THEN THE DISPUTE SHALL, IN LIEU OF COURT ACTION, BE SUBMITTED TO MANDATORY, BINDING ARBITRATION UPON WRITTEN DEMAND BY EITHER PARTY IN ACCORDANCE WITH THE PROCEDURES SET FORTH BELOW.
(emphasis added)
Ochsner's request for a preliminary injunction was heard and granted on September 23, 1994. The trial judge (Judge Thomas Porteous) expressly noted that he rendered no opinion on the merits of the action, but granted the preliminary injunction simply to maintain the status quo pending presentation of the case on the merits to the trial court. He set the trial on the merits for November 9, 1994.
In the interim, the trial judge was appointed to the federal bench and was replaced by a judge ad hoc (Judge Frank Zaccaria) who heard the trial on the merits. Judgment was rendered, without the admission of any parole evidence, granting a "preliminary injunction" and holding that the request for declaratory relief was "moot." In rendering judgment in favor of Ochsner, the trial court found that the contract between the parties was ambiguous and, thus unenforceable, concerning whether arbitration is mandatory. Following this ruling, Maxicare filed a Motion For New Trial. In the interim, another district court judge (Judge Susan Chehardy), who was assigned to take the docket, granted the motion for new trial, finding that the prior judgment was contrary to law.
At the new trial on April 26 and 27, 1995, the trial judge first considered Maxicare's motion in limine to exclude parole evidence and denied it over Maxicare's objection. Following the presentation of evidence, the trial judge took the matter under advisement and rendered judgment on July 25, 1995, granting the Declaratory Judgment and Preliminary Injunction in favor of Ochsner, finding that the contract did not require Ochsner to submit to binding arbitration as an exclusive remedy, in lieu of litigation. It is from this judgment that Maxicare now appeals.
On appeal, Ochsner argues that, relying on parole evidence, it did not agree to binding arbitration, notwithstanding that their representative testified that he was fully aware that Exhibit 10 was a part of the contract. Ochsner argues that when Section 10.1 is read with Exhibit 10, the contract is ambiguous and, therefore, should not require them to submit to binding arbitration.
On appeal, Maxicare argues that the contract is clear and explicit. It is not ambiguous and should be given full force and effect, as written, requiring the parties to resolve any dispute through binding arbitration, upon written demand by either party. Maxicare also argues that the trial court erred in admitting and considering parole evidence in interpreting the contract.[1]
Interpretation of a contract is the determination of the common intent of the parties. La.C.C. art. 2045. However, when the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La.C.C. art. 2046.
It is clear from our review of the record, that both parties were ably represented in the contract negotiations by both experienced representatives and legal counsel. Certain sections of the contract, including the two at issue here, were discussed, negotiated and amended several times. It is also clear that Ochsner did not favor mandatory arbitration *982 and Maxicare did. As a result of these negotiations, after several changes were made to the originally proposed agreement, a final draft of the contract was presented and, with knowledge of the inclusion of all provisions, signed by both parties.
Exhibit 10 of the contract provides that if "the parties are unable to resolve the dispute by mediation, as indicated in Section 10.1, then the dispute shall, in lieu of court action, be submitted to mandatory, binding arbitration upon written demand by either party in accordance with the procedures set forth below." We find that this provision is clear, unambiguous and requires Ochsner to submit to arbitration, if demanded in writing by Maxicare, where mediation has failed to lead to resolution of the dispute. We do not find that this provision is in conflict with section 10.1 of the contract which states that the parties agree to first try mediation "before resorting to arbitration, litigation, or some other dispute resolution procedure."
Ochsner argues that the reference in Section 10.1 to "litigation" indicates that litigation was contemplated by the parties as an optional means of dispute resolution. Thus, it is argued that the language in Exhibit 10, which requires arbitration, conflicts with Section 10.1 which lists litigation as an option. We disagree.
The reference to "litigation" in Section 10.1, contrary to Ochsner's argument, does not conflict with or negate the requirements of Exhibit 10 that arbitration is mandatory upon written demand by either party. Litigation remains an option for dispute resolution as provided in Section 10.1, where arbitration is not demanded in writing by either party, as provided in Exhibit 10. We find that the two contractual provisions do not conflict and are not ambiguous when read both separately or together.
Ochsner presented testimony that they maintained their position against mandatory arbitration. However, the Ochsner representative, Gerald J. Tresslar, testified that he was aware of the inclusion of Exhibit 10, in its final form, in the contract and he recommended that the contract be signed. Moreover, contrary testimony was presented by Maxicare that it was Maxicare's policy to require arbitration, as opposed to litigation, in any Maxicare contract and that there was no agreement between the parties to remove that clause from the contract.
It is well settled that, on appellate review of a factual determination, the reviewing court may not set aside the findings of fact in the absence of manifest error or unless they are clearly wrong. Also, where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring, 283 So.2d 716 (La.1973). However, where documents or objective evidence so contradict the witness's story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. Rosell v. ESCO, supra.
Here, we find that the written contract, entered into by the parties, with full knowledge of the inclusion of the provisions at issue, is clear, explicit and unambiguous. It indicates that the parties ultimately agreed to submit to binding arbitration, upon written demand by either party, once mediation failed to resolve a dispute between them. Ochsner simply has not shown an absence of consent to the clear agreement between the parties, evidenced by the written contract that they executed. Thus, we conclude that the trial court finding, based upon testimony which is contradicted by the contract, is clearly wrong.
Accordingly, for the reasons set forth above, we reverse the trial court judgment and order the preliminary and/or permanent injunction[2] vacated and Ochsner's petition for declaratory relief dismissed. All costs of appeal are to be paid by Ochsner.
*983 JUDGMENT REVERSED; INJUNCTION VACATED AND PETITION DISMISSED.
NOTES
[1] We pretermit consideration of whether the trial court erred in admitting the parole evidence, since we find that, even considering the testimony concerning the negotiations leading up to the final draft of the contract, Ochsner has not proven a lack of agreement to the contract as written and signed.
[2] While the judgment makes reference to granting a preliminary injunction, in fact, the preliminary injunction had already been granted and, thus, it appears that the trial court intended to grant a permanent injunction in its final judgment.