698 So.2d 685 (1997)
Jesse WIED, Plaintiff-Appellant,
v.
TRCM, LLC, Defendant-Appellee.
No. 30106-CA.
Court of Appeal of Louisiana, Second Circuit.
July 24, 1997.
*686 George M. Snellings, IV, Monroe, for Plaintiff-Appellant.
Kimberly O. Golden, Monroe, for Defendant-Appellee.
Before MARVIN, NORRIS and WILLIAMS, JJ.
NORRIS, Judge.
The plaintiff, Jesse Wied, unsuccessfully sought a declaratory judgment and to enjoin arbitration of an employment agreement. Arbitration is apparently scheduled for July 28, 1997; Wied has moved for expedited consideration of this appeal. We have the complete record before us, with the benefit of full briefing. The interest of justice will be best served by reviewing Wied's claims prior to the date of the arbitration hearing. Thus we grant the motion for expedited consideration, deny oral argument, and elect to dispose of the merits of this appeal by summary disposition. *687 See URCA 2-11.2, 11.3. On the merits, we affirm.

Facts and procedural history
Wied, a physical therapist, signed an employment agreement ("Agreement") with TRCM, a provider of outpatient physical therapy and rehab services, in 1995. Section 6 of the Agreement consisted of a noncompetition clause which provided in pertinent part:
[Wied] covenants and agrees with [TRCM] that he shall not compete directly or indirectly with [TRCM], either during the term of his employment or during the two year period immediately thereafter and shall not during such period make public statements in derogation of [TRCM.] * * * Competing directly or indirectly with [TRCM] shall mean engaging or having a material interest, directly or indirectly, as owner, employee, officer, director, partner, member, manager, venturer, stockholder, capital investor, consultant, agent, principal, advisor or otherwise, either alone or in association with others, in the operation of any entity engaged in the business of outpatient rehabilitation, physical therapy, or work hardening services within the following parishes: Bienville, Bossier, Caddo, Caldwell, Catahoula, Claiborne, East Carroll, Franklin, Lincoln, Madison, Morehouse, Ouachita, Rapides, Richland, Union, West Carroll, and Winn.
Section 13 of the Agreement, the severability clause, provided:
If any portion or provision of this Agreement shall to any extent be declared illegal or unenforceable by a duly authorized court of competent jurisdiction, then the remainder of this Agreement, or the application of such portion or provision in circumstances other than those as to which it is so declared illegal or unenforceable, shall not be affected thereby, and each portion and provision of this Agreement shall be valid and enforceable to the fullest extent permitted by law.
Section 8 of the Agreement, the "blue pencil" provision, provided in pertinent part:
If any part or parts of Section 6 [the noncompetition clause] * * * shall be held to be unenforceable or invalid, the remaining parts thereof shall nevertheless continue to be valid and enforceable as though the invalid portion or portions were not a part hereof. If any of the provisions of Section 6 * * * relating to the periods or geographic area of restriction shall be deemed to exceed the maximum periods of time or area which a court of competent jurisdiction would deem enforceable, the times and area shall, for the purposes of Section 6[,] * * * be deemed to be the maximum time periods and area which a court of competent jurisdiction would deem valid and enforceable in any state in which such court of competent jurisdiction shall be convened.
Finally, Section 18 of the Agreement provided in pertinent part:
Any controversy or claim arising out of or relating to this Agreement shall be settled by binding arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof, subject to the following terms, conditions and exceptions: * * *
(c) The jurisdiction of the arbitrator and the arbitrability of any issue raised by the parties shall be decided by the arbitrator in the first instance.
TRCM terminated Wied's employment in February 1996, and later allegedly learned that Wied was violating the noncompetition clause. TRCM filed a demand for arbitration, seeking reimbursement for salary and benefits paid under Wied's contract, and payment of all revenues received by Wied for alleged "moonlighting" during the period of his employment at TRCM. The demand also sought payment of all revenues received by Wied since the termination of his employment from sources in competition with TRCM, and a temporary and permanent injunction from further competition in violation of the employment contract.
Wied filed the instant petition seeking a preliminary injunction to stay arbitration, pending the district court's determination of the validity and enforceability of the Employment *688 Agreement. He also sought a declaratory judgment that the Agreement was "null, void, invalid and unenforceable."
TRCM filed a dilatory exception of prematurity arguing that Wied had failed to complete arbitration, admitted the arbitrator's jurisdiction and substantially participated in the arbitration proceeding. TRCM also argued that the Agreement provided that the arbitrator should decide in the first instance the jurisdiction of the arbitrator and the arbitrability of any issue raised by the parties, and that the validity of the contract was pled by Wied and pending before the arbitrator.
The trial court heard Wied's petition for preliminary injunction and TRCM's exception of prematurity together. The court denied the request for preliminary injunction, and sustained TRCM's exception of prematurity. Wied unsuccessfully sought supervisory writs. He now appeals devolutively.

Discussion: Requirement of arbitration
La.R.S. 9:4201 provides:
A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.
The failure of a party to arbitrate in accordance with the terms of an agreement may be raised either through a dilatory exception of prematurity demanding dismissal of the suit or by a motion to stay the proceedings pending arbitration. Folkland v. Thomson McKinnon Securities Inc., 484 So.2d 310, 314 (La.App. 3d Cir.1986); State, Through Division of Admin. v. Algernon Blair Inc., 415 So.2d 612 (La.App. 3d Cir. 1982). TRCM filed a dilatory exception of prematurity. See La. C.C.P. art. 926A(1).
When the issue of failure to arbitrate is raised by the exception pleading prematurity, the defendant pleading the exception has the burden of showing the existence of a valid contract to arbitrate, by reason of which the judicial action is premature. Cook v. AAA Worldwide Travel Agency, 360 So.2d 839 (La.1978).
The arbitration clause in Wied's employment Agreement, § 18, provided that "[a]ny controversy or claim arising out of or relating to this Agreement shall be settled by binding arbitration" (emphasis supplied.) It further provided that "[t]he jurisdiction of the arbitrator and the arbitrability of any issue raised by the parties shall be decided by the arbitrator in the first instance" (emphasis supplied.)
We find that the issues of whether Wied has violated the noncompetition clause, or whether the noncompetition clause violates La.R.S. 23:921,[1] are controversies or claims "arising out of or relating to" his employment agreement with TRCM, and therefore must be settled by binding arbitration. Moreover, as the arbitration clause specifically provides, the jurisdiction of the arbitrator and the arbitrability of any issue raised by the parties is to be decided by the arbitrator in the first instance.
TRCM has made a prima facie showing of a "valid contract to arbitrate," by reason of which Wied's action is premature. See Cook v. AAA, supra.

Nullity of agreement
Wied nevertheless contends that the employment agreement is null and void in its entirety. He also argues that the noncompetition clause violates La.R.S. 23:921.
In George Engine Co. v. Southern Shipbuilding Corp., 350 So.2d 881 (1977), the defendant contracted to construct several vessels for the plaintiff. Difficulties arose in the execution of the contract, and the parties *689 entered into an agreement revising several of the terms of the initial contract. The agreement contained an arbitration clause.
The plaintiff thereafter filed suit, alleging that defendant had demanded more payment under each of the five vessel contracts, and that defendant had advised that unless it received such payment it would "phase down" the construction, effectively terminating the contracts. The plaintiff argued that there was no valid consent for the confection of the contract. The Supreme Court held that a party to a contract containing an arbitration clause may sue to rescind that contract in a court of competent jurisdiction on the ground that it is, and was, void ab initio.
Wied alleges in conclusory fashion that the Agreement is null and void because it is not supported by legal cause. We will assume that George Engine, which allowed a party alleging the nullity of an agreement to sue to rescind the contract despite the existence of an arbitration clause in the contract, would allow a party such as Wied to successfully defend against an exception of prematurity by showing the entire agreement is null. We will further assume, without deciding, that the noncompetition clause of this Agreement violates La.R.S. 23:921. We conclude that even so, the trial court properly sustained the exception of prematurity.
Wied argues that for the purpose of the dilatory exception of prematurity, his allegation that the contract was null for lack of legal cause should have been accepted as true. This allegation has no merit. The law contemplates a trial of the exception of prematurity, at which evidence is received. La.C.C.P. art. 930. Moreover, the party alleging prematurity carries the burden of proving the exception should be granted. Baham v. Medical Center of La. at New Orleans, 95-2605, pp. 5-6 (La.App. 4 Cir. 5/8/96), 674 So.2d 458, 462. Although TRCM had the burden of showing the exception of prematurity should be granted, Wied was the party alleging that the Agreement was null for lack of cause. As such he was required to do more than rest on the conclusory allegations of law in his petition, he had to produce evidence that the contract lacked a lawful cause.
An obligation cannot exist without a lawful cause. La.C.C. art. 1966. "Cause" is the reason why a party obligates himself. La. C.C. art. 1967. The cause of an obligation is unlawful when the enforcement of the obligation would produce a result prohibited by law or against public policy. La.C.C. art. 1968.
Wied points to no evidence adduced in the trial court that supports the conclusion that the entire employment agreement lacked a lawful cause. He argues that because the noncompetition clause allegedly violates La. R.S. 23:921, the remainder of the contract is not subject to reformation. This argument has no merit. In many cases where a noncompetition clause has been held invalid, the courts have refused to reform the noncompetition clause to a state allowed by La.R.S. 23:921. See Summit Institute v. Prouty, 29,829 (La.App.2d Cir. 4/9/97), 691 So.2d 1384; Comet Industries Inc. v. Lawrence, 600 So.2d 85, 87-88 (La.App. 2d Cir.), writ denied, 604 So.2d 1002 (1992). These cases have not held, however, that the entire contract is invalid.
Nullity of a provision does not render the whole contract null unless, from the nature of the provision or the intention of the parties, it can be presumed that the contract would not have been made without the null provision. La.C.C. art. 2034. There has been no such showing here. Indeed, the severability clause, § 13, shows a clear intent of the parties to allow the remainder of the contract to remain in force to the fullest extent permitted by law, even if one or more provisions of the contractsuch as the noncompetition clauseis declared invalid. The remainder of the Agreement (including the arbitration clause) is severable from the noncompetition clause, and is therefore enforceable despite the alleged invalidity of the latter. Cf. Buckeye Garment Rental Co. v. Jones, 276 F.Supp. 560 (E.D.La.1967); Lindstrom v. Sauer, 166 So. 636 (La.App.Orl.1936).
Finally, we distinguish George Engine in that the language in that agreement was not sufficiently broad to comprehend arbitration of the issue of whether the entire agreement was void. See George Engine, 350 So.2d at *690 884. Here the arbitration clause is obviously broad enough to comprehend arbitration of the noncompetition clause.
We conclude that Wied's employment agreement was not null in its entirety for want of legal cause. Accordingly, even if the noncompetition clause were invalid, Wied may not avail himself of George Engine to avoid arbitration. The trial court properly sustained the exception of prematurity.[2]

Injunction
Wied also challenges the trial court's refusal to grant a preliminary injunction against the arbitration proceedings. A preliminary injunction is a procedural device interlocutory in nature designed to preserve a status pending final determination of an action. Schwegmann Bros. Giant Super Markets v. Louisiana Milk Comm'n, 290 So.2d 312 (La.1974). To obtain a preliminary injunction, the moving party must show he or she is entitled to the relief sought, without which irreparable injury, loss or damage will result. La.C.C.P. art. 3601; Louisiana Gaming Corp. v. Rob's Mini-Mart, 27,920 (La.App.2d Cir. 1/24/96), 666 So.2d 1268. A preliminary injunction may issue upon a prima facie showing that the plaintiff would prevail on the merits. Id. The trial court has great discretion in deciding whether to grant or deny a preliminary injunction, and its ruling will not be disturbed absent manifest error. Id.
If a contract which contains an arbitration clause is void ab initio, either party thereto is entitled to have the contract declared void and to have the execution of its arbitration clause enjoined. See West Baton Rouge Parish School Board v. T.R. Ray, Inc., 367 So.2d 332, 334 & n. 3 (La.1979).
Wied failed to show that the entire employment Agreement was null. Accordingly, he was not entitled to a preliminary injunction. T.R. Ray, supra. In addition, as shown above, the arbitration clause is sufficiently broad to contemplate arbitration of the dispute at hand. Thus an injunction to prevent arbitration is not proper. See Ochsner Clinic v. Maxicare Louisiana, Inc., 95-959 (La.App. 5 Cir. 3/26/96), 672 So.2d 979, writ denied, 96-1022 (La. 6/7/96), 674 So.2d 974; Levenson v. Steiner, 580 So.2d 466 (La. App. 4th Cir.), writ denied, 584 So.2d 685 (La.1991); Willis-Knighton Medical Center v. Southern Builders, Inc., 392 So.2d 505 (La.App. 2d Cir.1980).
Wied relies on Landry v. William B. Reily & Co., 524 So.2d 750 (La.App. 3d Cir.1988), for the proposition that the trial court should have granted an injunction. In Landry, an employee had signed a noncompetition agreement which contained an arbitration clause. The court found that because the employee made a prima facie showing that the noncompetition agreement was invalid, and also made a showing of irreparable injury if he submitted to arbitration, the employee was entitled to a preliminary injunction.[3]
We find Landry distinguishable. Wied signed a comprehensive employment agreement, not a freestanding noncompetition pact. Wied has not shown that the Agreement is null. See T.R. Ray, supra. Moreover, he has not shown that submitting to arbitration, with the possibility of an adverse decision, constitutes the kind of irreparable injury which would entitle him to an injunction. "Arbitration presupposes that an arbitrator may decide in favor of one party and against another." Stone v. Stone, 292 So.2d 686, 691 (La.1974).

Frivolous appeal
TRCM asks for damages for frivolous appeal. As it did not separately appeal or answer the appeal, TRCM is not entitled to frivolous appeal damages. La.C.C.P. arts. 2133A, 2134; Hill v. Cloud, 26,391 (La.App. 2 Cir. 1/25/95), 648 So.2d 1383, application dismissed, 95-0486 (La. 3/17/95), 651 So.2d 260.

*691 Conclusion

For the foregoing reasons, the trial court's judgment is AFFIRMED at appellant's cost.
AFFIRMED.
NOTES
[1] R.S. 23:921 generally limits noncompetition agreements to two years after the termination of employment in specified parishes or municipalities where the employer carries on a similar business.
[2] Because of our resolution of this issue we find it unnecessary to address TRCM's contention that Wied acquiesced in the referral of this matter to arbitration.
[3] The published opinion in Landry offers no synopsis of the evidence that proved the irreparable injury, and states only that going to arbitration would "undoubtedly" affect his business and reputation.