J^NORRIS, Chief Judge.
The Office of the State Fire Marshal (“OSFM”) appeals a judgment granting an injunction prohibiting the defendants, Mack Ford and the New Bethany Home for Girls Inc. (“New Bethany”), from occupying the girls’ dormitory on their property until that structure has been made available for a fire inspection under State law. OSFM complains that the injunction affects only the girls’ dorm and no other buildings on the premises. For the reasons expressed, we amend the judgment to encompass the three structures for which evidence was presented, and affirm as amended.
Rev. Mack Ford, a Baptist pastor, operates New Bethany, a facility for troubled youths, on land owned by New Bethany near Arcadia. The instant dispute stems from OSFM’s efforts to conduct fire code inspections on New Bethany’s facility pursuant to R.S. 40:1563. An attachment to OSFM’s petition indicates that there are three buildings on New Bethany’s complex: the girls’ dormitory, a school/gym/cafeteria building, and the boys’ cabin. In May 1986, Ford filed a plan review application with OSFM for the girls’ dorm, which was then under construction. Jerry Jones, Deputy Assistant Secretary of OSFM, testified that no inspection ever was conducted. The record does not disclose when the girls’ dorm was completed, but the petition alleges that in June 1996 OSFM made its first attempt to inspect the building; Ford denied the fire marshals access. The petition further alleges that OSFM filed suit to inspect the premises, and later sought an injunction to restrain operation of the facility until it was in compliance with the Fire Code; this case was dismissed as moot after Ford testified there were no students on the premises.
| pMeanwhile, however, Ford filed a civil rights suit against OSFM; according to the instant petition, during discovery in that suit OSFM’s lawyers were allowed to enter the premises and take photographs, but uniformed fire marshals were not. Mr. Jones testified that these photos *525 showed various fire code violations. Moreover, in June 1998 OSFM learned that at least one juvenile was being kept at New Bethany and, according to the petition, in January 1999 a local pastor, Wayne Evans, advised OSFM counsel that there were 25 students at the school. In April 1999 OSFM again attempted to inspect the property, but Ford turned the marshals away.
OSFM filed the instant petition in June 1999, seeking a rule to show cause why Ford should not allow fire marshals to conduct a fire safety inspection. If the evidence showed that New Bethany was now closed, OSFM prayed in the alternative for an injunction to keep it closed until the facility is in compliance with R.S. 40:1561 et seq.
By pretrial memo, New Bethany asserted there had been no students at the home since July 1, 1999, and that the facilities constituted “private dwellings” and thus were exempt from fire inspections under R.S. 40:1563 B(4). Ford testified to this effect at trial in January 2000.
Ford also took the deposition of Rev. Evans, who testified that he visited the campus in October 1998; at that time there were no girls present and the girls’ dorm appeared vacant. However, he found roughly 25 boys attending classes and spoke to some of them. He testified that they were staying in the “front portion of the campus” but would soon move to a cabin which was still under construction. Although he was vague about the layout | sof the complex, he also described a “classroom facility.” At trial, both parties stipulated to admit this deposition.
The District Court issued reasons for judgment, finding that the home was in fact not currently occupied and therefore OSFM was not entitled to perform an inspection. However, the court issued a permanent injunction prohibiting the occupancy of the girls’ dorm until it has passed code inspection. The court explicitly stated that its ruling was limited to the girls’ dorm and to OSFM: no other agencies were to have access pursuant to this order. Judgment was rendered and OSFM has taken the instant appeal, arguing that the court improperly “excluded evidence as to the other structures that comprise the facility” and thus erroneously limited its ruling to the girls’ dorm.
OSFM’s first argument is poorly phrased. The record does not show that the District Court excluded any offered evidence, or that OSFM objected to any evidentiary rulings. See, La. C.C.P. art. 1635; La. C.E. art. 103 A(2). However, the thrust of the argument is that the District Court disregarded the deposition of Rev. Evans, who referred to three structures on the campus, at least two of which were in use as of October 1998. The deposition, which was admitted by stipulation, clearly refers to various structures on the premises. The District Court was therefore plainly wrong in refusing to “extend this ruling beyond the Girls’ Dormitory because that’s what the evidence was about.” The court’s failure to consider evidence that was properly admitted interdicted the fact-finding process and obligates us to review the record de novo. Evans v. Lungrin, 97-0541 (La.2/6/98), 708 So.2d 731; McLean v. Hunter, 495 So.2d 1298 (La.1986).
LOSFM’s substantive argument is that the injunction should extend to all structures on the campus. In support it cites R.S. 40:1563, which mandates that the fire marshal take all steps necessary and proper to protect life and property from the hazards of fire and of panic which may arise from fire or from the threat of fire or explosion. Specifically, the fire marshal “shall supervise * * * the inspec *526 tion of all structures, except the interior of private homes and movables, for the purpose of reducing or eliminating fire hazards.” R.S. 40:1563 B(4) (emphasis added). It further urges that its petition makes broad references to “the facility,” thereby bringing all of New Bethany’s buildings under its claim for relief. It concedes that its evidence regarding structures other than the girls’ dorm may have been less than precise,[1] but argues it is nevertheless entitled to judgment affecting the entire facility.
We find that OSFM’s petition makes copious references to the “facility.” Although it sets out particulars only about the girls’ dorm, it attaches a portion of Ford’s deposition in which he states there are three structures on the premises. OSFM’s only live witness, Mr. Jones, testified only regarding the girls’ dorm, but Rev. Evans’s deposition clearly corroborates that there are three structures. Rev. Evans’s deposition also establishes that at least one of these buildings was being used as a classroom, another as a boys’ dorm, for 25 male students. These clearly cannot be considered “private dwellings.” Notably, Rev. Evans made these findings two years after Ford averted a restraining order by testifying that |BNew Bethany was no longer in operation and was housing no students.
Given the evidence of three structures, the scope of R.S. 40:1563 to apply to “all structures,” and Ford’s pattern of reopening and occupying different parts of his complex, we find that OSFM has presented satisfactory evidence to support an injunction affecting the girls’ dorm, the school/gynV cafeteria building, and the boys’ cabin. The judgment will be amended and affirmed accordingly.
By reply brief New Bethany requests sanctions for frivolous appeal. However, OSFM has presented meritorious arguments, negating any ground for sanctions. See, Hodges v. Quail Tools Inc., 97-1340 (La.App. 3 Cir. 3/6/98), 709 So.2d 975. Moreover, New Bethany neither answered OSFM’s appeal nor filed its own appeal; thus it cannot seek sanctions. La. C.C.P. arts. 2133 A, 2134; Wied v. TRCM, L.L.C., 30,106 (La.App. 2 Cir. 7/24/97), 698 So.2d 685, and citations therein.
For the reasons expressed, the judgment is amended to extend the injunction to the three buildings described in the evidence: the girls’ dorm, the school/gym cafeteria building, and the boys’ cabin. As amended, the judgment is affirmed. Costs are assessed to Mack Ford and New Bethany.
AMENDED AND AFFIRMED.

. "Regardless of what evidence Appellant may or may not have presented at trial of this matter, the statutory law is quite clear. The structures at the New Bethany facility should be inspected for compliance with the applicable fire safety codes.” Br., 9.