996 So.2d 437 (2008)
Brian TICHELI, Plaintiff-Appellee
v.
JOHN H. CARTER CO., INC., and Emerson Process Management Power & Water Solutions, Inc., Defendants-Appellants.
No. 43,551-CA.
Court of Appeal of Louisiana, Second Circuit.
September 17, 2008.
*438 Jones, Walker, Waechter, Poitevent, Carrere & Denegre by Jennifer L. Anderson, Baton Rouge, McLeod Verlander by David E. Verlander, Monroe, for Appellant, John H. Carter Co., Inc.
James R. Silverstein, New Orleans, for Appellant, Instrument & Valve Services, Co.
Mixon & Carroll by James L. Carroll, Columbia, for Appellee.
Before BROWN, DREW and LOLLEY, JJ.
LOLLEY, J.
Defendant, John H. Carter Co., Inc., appeals a portion of the preliminary injunction rendered against plaintiff, Brian Ticheli, by the Fifth Judicial District Court, Parish of Richland, State of Louisiana. For the following reasons we affirm in part and reverse in part.

FACTS
John H. Carter Co., Inc. ("JHC") employed Brian Ticheli as a Valve Repair Coordinator in its West Monroe, Louisiana branch. On February 21, 2006, as part of his employment, Ticheli entered into a Mutual Assurance Agreement ("Agreement") with JHC. Among other contractual provisions, the Agreement included a "Non-Competition and Non-Solicitation" ("noncompete") clause. On June 1, 2007, Ticheli sent an e-mail to several male and female co-workers that contained derogatory, vulgar language. This e-mail upset a female employee who proceeded to complain to her superior. Because the e-mail was a violation of the Agreement and the company's Sexual Harassment Policy, JHC terminated *439 Ticheli's employment on June 8, 2007. Subsequently, Ticheli went to work for BC Industrial Sales, LLC ("BCI").
This action stems from Brian Ticheli's original claim against JHC alleging that he was terminated without cause and that JHC breached the Agreement. JHC filed a reconventional demand that Ticheli was terminated for cause, and thus he must comply with the covenants in the Agreement, specifically the non-compete clause which prohibits his employment with BCI. The trial court granted a Temporary Restraining Order in favor of JHC on November 5, 2007, prohibiting Ticheli from violating the Agreement. The trial court then conducted a hearing based on JHC's request for preliminary injunctive relief on December 13, 2007. At this hearing, the trial court concluded that Ticheli's conduct constituted cause for termination and granted the Preliminary Injunction prohibiting Ticheli from engaging in conduct specified in the Agreement. However, the trial court did not enjoin Ticheli from working for BCI, concluding that JHC and BCI were not competitors and stating that they were "a little bit different." JHC now appeals.

LAW AND DISCUSSION
JHC contends that the trial court was correct insofar as finding that Ticheli was fired with cause and granting the preliminary injunction prohibiting Ticheli from engaging in the conduct specified by the Agreement. However, JHC argues that the trial court erred when it found that BCI and JHC were not competitors in a similar business thereby failing to enforce the non-compete clause.
Generally, a trial court is granted wide discretion in deciding whether to grant or deny a preliminary injunction and its ruling will not be disturbed absent manifest error. Wied v. TRCM, LLC, 30,106 (La.App. 2d Cir.07/24/97), 698 So.2d 685; Louisiana Gaming Corp. v. Rob's Mini-Mart, Inc., 27,920 (La.App. 2d Cir.01/24/96), 666 So.2d 1268. A covenant not to compete contained in an employment agreement is disfavored in Louisiana because it may function to deprive a person of his livelihood. Such a covenant will be enforced only if it meets narrowly drawn criteria. Vartech Systems, Inc. v. Hayden, 2005-2499 (La.App. 1st Cir.12/20/06), 951 So.2d 247. The narrow exceptions for a valid non-competition agreement are set forth in La. R.S. 23:921.
Louisiana R.S. 23:921 provides in pertinent part:
A. (1) Every contract or agreement, or provision thereof, by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, except as provided in this Section, shall be null and void....
C. Any person, including a corporation and the individual shareholders of such corporation, who is employed as an agent, servant, or employee may agree with his employer to refrain from carrying on or engaging in a business similar to that of the employer and/or from soliciting customers of the employer within a specified parish or parishes, municipality or municipalities, or parts thereof, so long as the employer carries on a like business therein, not to exceed a period of two years from termination of employment.... (Emphasis added.)
D. For the purposes of Subsections B and C, a person who becomes employed by a competing business, regardless of whether or not that person is an owner or equity interest holder of that competing business, may be deemed to be carrying on or engaging in a business similar to that of the party having a *440 contractual right to prevent that person from competing.[1]
The law does not require in a non-competition agreement a specific definition of the employer's business. See Baton Rouge Computer Sales, Inc. v. Miller-Conrad, XXXX-XXXX (La.App. 1st Cir.05/23/00), 767 So.2d 763.
In the instant case, the JHC non-compete clause states:

Non-Competition and Non-Solicitation. While employed by the Employer, and for a period of two years from the later of either termination of this Agreement or the termination of Employee's employment with Employer, (1) by Employee without cause or (2) by Employer with cause, Employee shall not: (a)(1) carry on or engage in a business similar to Employer's Business within the Territory, (2) engage or participate, directly or indirectly, whether as proprietor, partner, joint venturer, employer, employee, consultant, officer or agency, or beneficiary or record holder of more than one percent (1%) of the stock of any corporation that carries on or engages in a business similar to Employer's business within the Territory, or (b) solicit or cause to be solicited any customers or clients of Employer. In the event that this Agreement is terminated by (1) Employee with cause or (2) by Employer without cause, the prohibition contained in Section 5.4 is not applicable. (Emphasis added.)
"Territory" is defined in the Agreement as "to each of the parishes and/or counties listed in Exhibit III attached hereto for so long as Employer continues to carry on or engage in Employer's Business in such parish and/or county." Exhibit III lists all parishes in Louisiana, along with a few counties in the State of Arkansas, Mississippi, Alabama, and Florida. The record indicates that Exhibit III reflects the region in which JHC does business. See Vartech Systems, supra.
Here, we must determine whether the trial court was manifestly erroneous when it determined that JHC and BCI were not competitors. The record indicates that JHC is in the business of selling new and used valves, pump regulators, filtration equipment, and related instrumentation for industrial uses. JHC also repairs, maintains and provides other services in connection with the valves and equipment sold. According to a BCI employee that testified during the trial, BCI also sells valves and related instruments, in addition to providing services related to maintaining and repairing the products. Both sell in overlapping regions throughout Louisiana, Arkansas, Mississippi and sections of Texas, Oklahoma, and Tennessee. The record also reflects that should either company run out of a product, they have in the past purchased from the other to fulfill their sale. They both visit the same customer vying for their business. In fact, there was once discussions about merging the two companies. The only "difference" we note is that the valves are made by different manufacturers.
The evidence overwhelmingly indicates that the businesses are "similar." The trial court erred in its narrow interpretation of the company's business. In Baton Rouge Computer Sales, supra, an employer in the business of selling computers similarly entered into a non-compete clause with its employee and sought to enforce it after the relationship ended. The former employee, who began working *441 at another computer store, argued that the clause was unenforceable because it did not define the "business." On appeal, the court held that "while the types of computer systems sold may be diverse, the business of selling them is not an activity subject to various descriptions or definitions." The same can be said with the instant case, the business of selling the various types of industrial valves and instrumentation is not subject to another description or definition. See also Scariano Bros., Inc. v. Sullivan, XXXX-XXXX (La. App. 4th Cir.09/16/98), 719 So.2d 131, writ denied, 1998-2588 (La.11/06/98), 727 So.2d 452. The evidence strongly supports JHC's contention that BCI is a competitor. Accordingly, the valid non-compete clause is enforceable to prohibit Ticheli from working at BCI or any other "similar" business in accordance to the Agreement.
In his answer, Ticheli argues that he was fired "without cause." We disagree. Ticheli sent an e-mail to several co-workers with the salutation of "C* *t" and signed "The Man." The record is clear that Ticheli was terminated as a result of this offensive e-mail message that violated the company's Sexual Harassment Policy and the Agreement which lists "Offensive Behavior" as a reason for termination. Under no circumstances would this be considered appropriate behavior in any environment. Regardless of who the e-mail was directed toward, the verbiage can be perceived as a per se violation of the company's sexual harassment policy. We find this argument without merit. In the alternative, Ticheli argues that the non-compete clause in the Agreement failed to meet the requirements set forth in La. R.S. 23:921. The validity of the non-compete clause was never raised at trial, and therefore is not an issue on this appeal. Nonetheless, we find that the non-compete clause is enforceable.

CONCLUSION
In light of our finding that JHC and BCI are competitors, we reverse the trial court and grant JHC injunctive relief to enforce the non-compete clause. In all other respects, we affirm the trial court. All costs are assessed against Brian Ticheli.
REVERSED IN PART, AFFIRMED IN PART, RENDERED.
BROWN, C.J., concurs with reasons.
BROWN, Chief Judge, concurring.
I agree that BCI and JHC are competitors in a similar business. However, the agreement specifically listed the entire state of Louisiana as well as parts of Arkansas, Mississippi, Alabama and Florida. The evidence indicated that Ticheli was employed by JHC simply as a Valve Repair Coordinator in the West Monroe branch. He had no particular knowledge, contacts or confidential information that would disadvantage JHC outside of the West Monroe area. There is a strong public policy not to lock former employees out of their ability to earn a living. Even though JHC operates statewide, it appears under the circumstances of this case that such a blanket prohibition is overly broad. A savings clause in the non-compete contract would allow a reformation to make the geographic limitation conform to the parishes where Ticheli actually worked.
NOTES
[1] Subsection D, added to La. R.S. 23:921 by 2003 La. Acts, No. 428 § 1, is pertinent to the case at hand since it specifically addresses a former employee, e.g. Ticheli, who becomes employed at a competing business.