MARION F. EDWARDS, Judge.
 

 12Plaintiff/appellant, Century 21 Richard Berry & Associates (“Century 21”), appeals the denial of a preliminary and permanent injunction against defendant/appel-lee, Renee Lambert (“Lambert”).
 

 In May 2007, Century 21 filed a Petition for Preliminary and Permanent Injunction against Lambert, seeking to enjoin her from engaging in business that violated a non-compete clause agreement. Lambert entered into a Broker-Independent Con
 
 *741
 
 tractor Agreement on March 7, 2005, in which Lambert became a real estate agent with Century 21. The agreement contained the following clause:
 

 It is agreed that the Independent-Contractor will refrain from carrying on or engaging in the Real Estate Marketing, brokerage, sale or similar business to that performed by the Broker and also from soliciting customers of the broker within the parishes of Orleans, Jefferson, St. Charles, St. Tammany, St. Bernard and Plaquemines for a period of two years from the date the Independent-Contractor leaves the Broker’s company. This clause shall survive termination of this agreement and prohibits the engagement by Independent-Contractor in any business directly or indirectly which competes with that of the broker.
 

 In February of 2007, Lambert left the company and requested the return of her real estate license. Century 21 returned the license and replied that Lambert would not be released from her agreement. At the time the suit was filed, Century j ¡¡21 learned that Lambert had placed her license with Keller Williams Realty (“Keller Williams”). Century 21 urged that, although the branch of Keller Williams where the license was placed was outside the parishes listed in the agreement, the brokerage competed directly with Century 21 in all of the listed parishes and maintained an office in each. It was also alleged that Lambert competed directly with Century 21 by placing an advertising sign on a bus bench in Jefferson Parish and had placed signs on real estate also in Jefferson. Finally, it was alleged that Lambert conducted real estate business from her home in Marrero.
 

 The hearing on the injunction was set for August of 2007 and was continued several times until January 2008. On February 15, 2008, the trial court denied the petition for injunctive relief, and it is from this judgment that Century 21 appeals.
 

 At the hearing, Richard Berry (“Berry”) testified that Century 21 had properties listed in Jefferson, Orleans, Plaquemines, St. Tammany, St. Bernard, and St. Charles Parishes. Photos were admitted at the hearing showing Lambert’s name and photograph with the Keller Williams name on a bus bench. According to Berry, the photos were taken in Jefferson. Other photos showed Lambert’s name and image on a “For Sale” sign for Keller Williams in front of property identified as being in Marrero. Lambert testified that the vast majority of Century 21’s listings were in Jefferson and Orleans Parishes. She stated that she brought her license to Keller Williams in Laplace, not in one of the parishes listed in the agreement. At the time of the hearing, she had no properties in the listed parishes but just had one closing in Orleans Parish the day before and another in Jefferson Parish. Lambert denied that she was trying to market in Jefferson Parish at that time, although she identified the photos as being located in Jefferson. Allen Leone, owner of the Keller Williams franchise in Laplace, testified that he had the |4rights to market in the parishes of St. James, St. John, and St. Charles, with the bulk of his business in Laplace. He denied that he competed with Century 21.
 

 The trial court found that Lambert did enter into business within parishes listed in the non-compete clause. However, the court determined that the last sentence of that clause was overbroad and exceeded LSA-R.S. 23:921 and, thus, concluded that, the contract was not enforceable.
 

 LSA-R.S. 23:921, in relevant part, states:
 

 C. Any person, including a corporation and the individual shareholders of
 
 *742
 
 such corporation, who is employed as an agent, servant, or employee may agree with his employer to refrain from carrying on or engaging in a business similar to that of the employer and/or from soliciting customers of the employer within a specified parish or parishes, municipality or municipalities, or parts thereof, so long as the employer carries on a like business therein, not to exceed a period of two years from termination of employment. An independent contractor, whose work is performed pursuant to a written contract, may enter into an agreement to refrain from carrying on or engaging in a business similar to the business of the person with whom the independent contractor has contracted, on the same basis as if the independent contractor were an employee, for a period not to exceed two years from the date of the last work performed under the written contract.
 

 D. For the purposes of Subsections B and C, a person who becomes employed by a competing business, regardless of whether or not that person is an owner or equity interest holder of that competing business, may be deemed to be carrying on or engaging in a business similar to that of the party having a contractual right to prevent that person from competing.
 

 Louisiana’s strong public policy restricting non-competition agreements is based on an underlying state desire to prevent an individual from contractually depriving himself of the ability to support himself and consequently becoming a public burden.
 
 [1]
 
 LSA-R.S. 23:921(C) is an exception to Louisiana public policy | r,against non-compete agreements and, as such, must be strictly construed.
 
 [2]
 
 Generally, a party seeking the issuance of a preliminary injunction must show that he will suffer irreparable injury if the injunction does not issue and must show entitlement to the relief sought; this must be done by a prima facie showing that the party will prevail on the merits of the case. However, in the event an employee enters into an agreement with his employer not to compete, pursuant to LSA-R.S. 23:921, and fails to perform his obligation under such an agreement, the court shall order injunc-tive relief even without a showing of irreparable harm, upon proof by the employer of the employee’s breach of the non-compete agreement.
 
 [3]
 
 Where the actions sought to be enjoined pursuant to a non-compete agreement do not fall within the exception found in LSA-R.S. 23:921(C) or where the non-compete agreement is found to be unenforceable for failure to conform to LSA-R.S. 23:921, the employer is unable to establish that it is entitled to the relief sought.
 
 [4]
 

 Generally, a trial court is granted wide discretion in deciding whether to grant or deny an injunction and its ruling will not be disturbed absent manifest error.
 
 [5]
 
 On review, we find that the trial court was correct in determining that Lambert did enter into business in the parishes listed in the non-competition
 
 *743
 
 clause. Further, we agree that the last sentence of the non-compete clause is overbroad. In stating that “[t]his clause shall survive termination of this agreement,” it goes on to prohibit the independent contractor from engaging in any business directly or indirectly which competes with the broker. In our opinion, within the context of the agreement, that sentence appears to extend the permissible two-year period fallowed by law and is, thus, unenforceable. Under these circumstances, Berry was not entitled to an injunction.
 

 For the foregoing reasons, the judgment is affirmed.
 

 AFFIRMED.
 

 [1]
 

 .
 
 H20 Hair, Inc. v. Marquette,
 
 06-930 (La. App. 5 Cir.5/15/07), 960 So.2d 250 (La.App. 5 Cir.2007) (citing
 
 SWAT 24 Shreveport Bossier, Inc. v. Bond,
 
 00-1695 (La.6/29/01), 808 So.2d 294).
 

 [2]
 

 .
 
 1120 Hair, Inc., supra.
 

 [3]
 

 .
 
 Id.
 

 [4]
 

 .
 
 H20 Hair, Inc., supra
 
 (citing
 
 Clear Channel Broadcasting, Inc. v. Brown,
 
 04-0133 (La.App. 4 Cir. 3/30/05), 901 So.2d 553).
 

 [5]
 

 .
 
 See, Limousine Livery, Ltd. v. A Airport Limousine Serv., L.L.C.,
 
 2007-1379 (La.App. 4 Cir. 3/12/08), 980 So.2d 780; also
 
 Wied v. TRCM, LLC,
 
 30,106 (La.App.2d Cir.07/24/97), 698 So.2d 685.