434 So.2d 471 (1983)
Joseph Wilbur ADCOCK, Plaintiff-Appellee,
v.
MARSHALL EXPLORATION, INC., Defendant-Appellant.
No. 15397-CA.
Court of Appeal of Louisiana, Second Circuit.
June 6, 1983.
*472 Lowther & Boone by Robert C. Lowther, Jr., Many, for plaintiff-appellee.
John S. Stephens, Coushatta, for defendant-appellant.
Before HALL, JASPER E. JONES and NORRIS, JJ.
NORRIS, Judge.
Defendant, Marshall Exploration, Inc., appeals the granting of a preliminary injunction enjoining its use of a pipeline constructed for the transportation of natural gas from a well on an adjacent tract of land across the property of plaintiff, Joseph Wilbur Adcock.
Adcock, the owner of a tract of land in Red River Parish on which he operates a thoroughbred horse farm, sued Marshall to enjoin its use of a pipeline constructed across his property without obtaining a written right of way or servitude agreement. On August 31, 1981, Adcock and Marshall executed an Oil Gas and Mineral Lease in which Marshall was given standard rights to explore, prospect, drill, mine for, and produce oil, gas and other minerals on the 640 acre tract in question subject to the following special provisions, to-wit:
SPECIAL PROVISIONSWherever the printed Form is in conflict with these provisions then these Special Provisions shall prevail.
* * * * * *
There will be no compressor station or any other oil field related installations made on the above described land without prior written consent of the lessors. [Emphasis added.]
Despite the foregoing special provision, on or about January 2, 1982, without first obtaining Adcock's written consent, Marshall began construction of the pipeline which continued until approximately January 22, 1982. Adcock first realized that Marshall was actually constructing the pipeline on January 6, 1982. Adcock contends that at that time he told a representative of Marshall to cease such operations because Adcock had not signed the required written agreement and had not been paid. However, Adcock admitted that he had previously indicated orally to Marshall where he wanted the pipeline located and that he was in the process of negotiating the terms of the agreement for the laying of the pipeline during its construction. At the hearing on the rule for the preliminary injunction, Adcock testified that he requested that Marshall cease its operations because no agreement had been perfected. Conversely, James Fisher, Marshall's construction supervisor, testified that Adcock never requested that Marshall cease its operations during the construction of the pipeline.
On August 27, 1982, Adcock filed the instant suit seeking injunctive relief and damages. After hearing the evidence at the rule for the preliminary injunction, the trial court, in written reasons for judgment, granted the preliminary injunction, stating in pertinent part:
It appears through the testimony that although there were certain negotiations relative to the access and right of way across petitioner's property, such negotiations *473 were never consummated in terms of a written agreement as was contemplated. Therefore, the operations on petitioner's property in effect amount to a trespass. Accordinaly (sic), in order to protect the plaintiff's interest in his farm, it is the ruling of the Court that a preliminary injunction issue restraining and enjoining the defendant, its agents, employees and all other persons, firms or corporations acting or claiming to act in its behalf, from using the pipeline in question for the transmission of natural gas or any other minerals.
It is from the judgment signed in accordance with these reasons that Marshall suspensively appeals solely assigning the following error:
The Trial Court committed error in granting the preliminary injunction inasmuch as there was no showing at the hearing on the rule for the preliminary injunction that plaintiff-appellee would sustain "irreparable injury, loss or damage" by virtue of defendant-appellant's continued use of the pipeline during the litigation.
Thus, Marshall contends on appeal that in order for Adcock to have properly obtained a preliminary injunction, he must have proved at the hearing that he would sustain irreparable injury, loss or damage as required by La.C.C.P. Art. 3601 by "virtue of the continued use of the pipeline pending trial on the permanent injunction."
La.C.C.P. Art. 3601 provides in pertinent part:
An injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law;
During the pendency of an action for an injunction the court may issue a temporary restraining order, a preliminary injunction, or both, except in cases where prohibited, in accordance with the provisions of this Chapter.
Except as otherwise provided by law, an application for injunctive relief shall be by petition.
Thus, unless this case falls under the category of one of the "other cases specifically provided by law" referred to in Article 3601, it was necessary that a showing of irreparable injury, loss or damage be made in order for the injunctive relief sought to have properly been granted. The trial court made no finding of irreparable injury.
Adcock argues that he is entitled to injunctive relief under La.C.C.P. Art. 3663 and that a showing of irreparable injury is not required by an owner of immovable property to enjoin a trespass and restore the owner's peaceful possession of his property.
La.C.C.P. Art. 3663 provides:
Sequestration of immovable property or of a real right therein involved in a possessory or petitory action during the pendency thereof is available under the applicable provisions of Chapter 1 of Title 1 of Book VII.
Injunctive relief, under the applicable provisions of Chapter 2 of Title 1 of Book VII, to protect or restore possession of immovable property or of a real right therein, is available to:
(1) A plaintiff in a possessory action, during the pendency thereof; and (2) A person who is disturbed in the possession which he and his ancestors in title have had for more than a year of immovable property or of a real right therein of which he claims the ownership, the possession, or the enjoyment.
It is clear from the jurisprudence that La.C.C.P. Art. 3663(2) allows for injunctive relief without requiring a showing of irreparable injury. Smith v. West Virginia Oil & Gas Co., 373 So.2d 488 (La.1979); Poole v. Guste, 261 La. 1110, 262 So.2d 339 (1972). It clearly allows an owner injunctive relief against a trespasser to protect ownership and possession without a showing of irreparable injury. See also Moorhead v. State, Department of Highways, 322 So.2d 330 (La.App. 2d Cir.1975); Bagents v. Crowell Long Leaf Lumber Co., 20 So.2d 641 (La.App. 1st Cir.1945). Thus, if Adcock was entitled to the relief sought under La.C.C.P. Art. 3663(2), it was not *474 necessary that irreparable injury be proved and the preliminary injunction was properly issued.
We find no error in the trial court's factual findings that the parties' negotiations regarding the right of way agreement had never resulted in a written or oral agreement and that Marshall's activities on Adcock's property in connection with the pipeline right of way amounted to a trespass. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Furthermore, Adcock's requisite ownership and possession of the property on which the pipeline was ultimately laid are not in dispute. It is evident from the record that Marshall has always dealt with Adcock as record owner of the tract at issue, initially negotiating and finally executing the lease in question with him as owner and participating in the oral negotiations for the pipeline right of way.
We note from our reading of the record that Marshall indicated in argument to the trial court that Marshall had a right under the lease to construct the pipeline over the property. However, that contention has not been urged on appeal, and we consider it to be abandoned. Obviously, Marshall now concedes on appeal that it had no right granted by the lease to construct the pipeline in controversy without prior obtaining of the written consent of Adcock in accord with the "Special Provisions" of the lease. Because the applicability of the lease provisions to this dispute are not at issue in this appeal, this case is factually distinguishable from Smith v. West Virginia Oil & Gas Co., supra.
In Smith, plaintiff landowners sued to enjoin defendants, primarily the lessee of mineral rights on the plaintiffs' property, granted by plaintiffs' ancestors in title, from constructing a gas pipeline across their property or from removing any gas existing under it. There existed a genuine issue as to the validity of the lease involved, i.e., whether or not it had expired. The lower court denied plaintiffs a preliminary injunction. We reversed,[1] holding plaintiffs were entitled to a preliminary injunction under La.C.C.P. Art. 3663, even absent a showing of irreparable injury, upon our finding that the lease had indeed expired. The Supreme Court reversed stating:
This code provision[2] does not authorize injunctive relief to a mineral lessor against a mineral lessee of himself or his ancestor in title, where sought solely on the basis that the lessee's use or exercise of rights on the property are no longer authorized since the lease has terminated. In the light of applicable provisions of the Mineral Code and of the Code of Civil Procedure, neither the mineral lessor nor the mineral lessee are regarded as in possession adverse to the other for purposes of the real actions or of affording injunctive relief under La.C.Civ.P. art. 3663 to the lessor-owner of the land against his lessee's use or exercise of rights granted by the mineral lease:

* * * * * *
... Simply stated, under the articles of the mineral code and code of civil procedure previously cited, the mineral lessor is not considered in possession vis a vis his mineral lessee, since the lessor cannot possess adversely to his lessee (at least on contested contentions that the lease has expired or should be cancelled). [Footnote added.] [Emphasis added.]
In the instant case, the validity of the lease is not at issue; Adcock is not attacking the validity of the lease or seeking to have it cancelled or declared terminated. Likewise, we are not concerned here with Marshall's use or exercise of rights granted by the mineral lease. Marshall, under the express terms of the lease, has no right to construct a pipeline across Adcock's land without his express consent, and Marshall does not argue to us otherwise. Thus, because of the factual posture of the instant case, the mineral lease is not involved, and we conclude that Adcock can possess the land adversely to Marshall for the purposes *475 of bringing this action and seeking injunctive relief under La.C.C.P. Art. 3663(2).
Clearly, Smith is not analogous or applicable to the instant litigation. Insofar as this particular litigation is concerned, Adcock and Marshall do not appear in the capacity of owner-lessor and lessee but occupy the roles of landowner and trespasser, respectively. Accordingly, under the provisions of La.C.C.P. Art. 3663(2), injunctive relief is available to Adcock to protect his ownership, possession and enjoyment of his property in this case without a showing of irreparable injury, loss or damage.
The issuance of a preliminary injunction addresses itself to the sound discretion of the trial court. Smith v. West Virginia Oil & Gas Co., supra. Our review of the record leads us to conclude that the trial court did not abuse its discretion in the issuance of this preliminary injunction.
For the foregoing reasons, the judgment of the trial court issuing the preliminary injunction is affirmed at the cost of appellant.
JUDGMENT AFFIRMED.
NOTES
[1] 365 So.2d 269 (La.App. 2d Cir. 1978).
[2] La.C.C.P. Art. 3663(2).