704 So.2d 449 (1997)
Michael A. BARRILLEAUX and Maria D. Barrilleaux
v.
NPC, INC.
No. 97 CA 2040.
Court of Appeal of Louisiana, First Circuit.
December 29, 1997.
*450 David M. Ellison, Baton Rouge, for Appellants Michael A. Barrilleaux and Maria D. Barrilleaux.
Douglas K. Williams, Robert Atkinson, David Voss, Baton Rouge, for Appellee NPC, Inc.
Before LeBLANC and FITZSIMMONS JJ., and CHIASSON[1], J. Pro Tem.
LeBLANC, Judge.
Michael A. and Maria D. Barrilleaux, plaintiffs, appeal from a trial court judgment in which a court ordered temporary restraining order was dissolved and their request for a preliminary injunction was denied.
Plaintiffs are the owners of a certain tract of land located in Iberville Parish. The property abuts the Mississippi River; located on the property and running parallel to the river is a levee and La. Highway 141. The plaintiffs purchased the property by cash sale on December 19, 1991. The property is subject to a right of way for the construction, improvement and maintenance of La. Highway 141.
In early June, 1997, NPC, Inc., defendant, entered onto the Barrilleaux property and began the installation of pipe lines within the highway right of way. NPC holds a permit from the Louisiana Department of Transportation and Development and asserts the highway right of way enables the department to grant the permit for construction of the pipe lines. Plaintiffs sought a temporary restraining order and an injunction prohibiting NPC from installing the pipe lines. On June 12, plaintiffs were granted a temporary restraining order, ordering NPC to cease all construction across the Barrilleaux property. However, after a hearing, held on June 20, the trial court dissolved the temporary restraining order[2] and denied plaintiffs' request for an injunction.
The Barrilleauxs appeal and assign as error:
1. The trial court holding La. R.S. 45:254 authorizes defendant to enter upon and commence construction of pipe lines without plaintiffs' consent or without expropriation proceedings.
2. The trial court requiring plaintiffs to prove irreparable injury.
La. C.C.P. art. 3601 provides "[a]n injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law." (emphasis ours).
La. C.C.P. art. 3663 provides, in pertinent part:
Injunctive relief ... to protect or restore possession of immovable property or of a real right therein, is available to:

*451 (1) A plaintiff in a possessory action, during the pendency thereof; and
(2) A person who is disturbed in the possession which he and his ancestors in title have had for more than a year of immovable property or of a real right therein of which he claims the ownership, the possession, or the enjoyment.
La. C.C.P. art. 3663 specifically provides injunctive relief in two separate cases: 1) as an ancillary remedy in a possessory action; and 2) as the relief to be granted in an injunction suit brought to enjoin trespassers and other disturbers, and which is neither a possessory nor a petitory action. Official Revision Comments to art. 3663; Ryan v. Pekinto, 387 So.2d 1325, 1329 (La. App. 1st Cir.), writ denied, 394 So.2d 615 (1980). Unlike most injunctive relief, art. 3663 requires no showing of irreparable harm by plaintiff. Ryan v. Pekinto, 387 So.2d at 1329. An owner of immovable property is provided injunctive relief against a trespasser to protect ownership and possession without a showing of irreparable injury. Adcock v. Marshall Exploration, Inc., 434 So.2d 471, 473 (La.App. 2nd Cir.1983). To constitute a trespass there must be an unlawful physical invasion of the property or possession of another. Dickie's Sportsman's Centers, Inc. v. Department of Transp. and Development, 477 So.2d 744, 750 (La.App. 1st Cir.), writ denied, 478 So.2d 530 (1985).
Maria Barrilleaux testified she and her husband purchased the property, by cash sale, subject to the highway right of way in 1991. A copy of the cash sale was introduced into evidence. At trial, NPC admitted the Barrilleauxs' ownership of the property. In addition, Mrs. Barrilleaux testified NPC began installation of the pipe lines on her property without her consent. She testified pipes were placed on her property and a fence was removed. Counsel for NPC stipulated the company did not obtain a written agreement with the Barrilleauxs for placement of the pipe line nor had NPC instituted expropriation proceedings against the Barrilleauxs.
In oral reasons for judgment, the trial judge stated the plaintiffs had not shown irreparable damage and denied the injunction. Under the provisions of La. C.C.P. art. 3663(2), injunctive relief is available to the Barrilleauxs to protect their ownership, possession or enjoyment of their property without a showing of irreparable injury. Plaintiffs have sought to enjoin trespassers by way of an injunction suit. There is no requirement for plaintiffs to make a showing of irreparable harm. It was error for the trial court to require a showing of irreparable harm.
We decline to address plaintiffs' other assignment of error. It concerns matters not ruled on by the trial judge.[3]
For the foregoing reasons, we hereby reverse the judgment of the trial court and remand this matter for continuation of the hearing on the preliminary injunction and on the remaining issues. The stay order issued by this Court has expired. Plaintiffs are free to request another temporary restraining order from the district court. NPC, Inc. is to bear all costs of this appeal.
REVERSED AND REMANDED.
NOTES
[1] Honorable Remy Chiasson, retired, serving by special appointment of the Louisiana Supreme Court.
[2] On October 30, 1997, this court ordered a stay commanding NPC to cease pipe line construction within the River Road right of way of Highway 141. This order was clarified on October 31, 1997, limiting the prohibition of construction to the Barrilleauxs' property on the River Road right of way of Highway 141 in Iberville Parish.
[3] The trial judge did not rule on NPC's right to lay pipe lines within the highway right of way without expropriation of the property. In oral reasons, the trial judge stated:

I think whether or not this company must follow formal expropriation laws of Louisiana, this matter perhaps should be decided by a higher Court. [The s]tatute, I think, is somewhat equivocal in that regards [sic]. However, this Court using a common sense interpretation of the statute I believe, after reading [La. R.S. 45:254] several times that because of the factual situation we have a public servitude, I can't help but agree with counsel for the defendant, that it is not in this particular case [a] prerequisite to the laying of those lines to follow formal expropriation statutes of Louisiana or law. However, that is not the dispositive decision of this court.
Plaintiffs, in this Court's opinion, has [sic] failed under the facts which there was [sic] no facts and under the lawthe law, there was [sic] no facts to apply the law to. There is no irreparable damage shown.