h STEWART, J.
Peoples State Bank of Many (“Peoples”) appeals the issuance of a preliminary injunction restraining it from allowing any third person to purchase or use certain property obtained by it through a sheriffs sale. Peoples also assigns as error the wrongful issuance of a temporary restraining order and the failure of the trial court to grant its request for an injunction and writ of mandamus directing removal of notices of lis pendens filed by the plaintiff, Patricia Lattier Holmes, and her boyfriend, Larry Reed. For the reasons discussed below, we reverse the trial court’s judgment, vacate the preliminary injunction, and remand the matter for further proceedings on the merits of Holmes’ claim.
FACTS
In August 1996, Holmes began construction of a home on a lakefront lot in Caddo Parish, Louisiana. Reed acted as contractor for the building project. Holmes entered into an interim financing agreement with Peoples and executed a note, secured by a mortgage on the property, in the *1008 amount of $294,000. Peoples also required Holmes to execute a performance bond in the amount of $295,000. As of December 1997, construction of the home was not complete even though all of the loan proceeds had been disbursed to Holmes. Holmes borrowed an additional $25,000 from Peoples. This second loan was also secured by a mortgage.
After disbursal of the funds from the second loan, Peoples learned that over $50,000 in worker and materialman liens had been filed. Peoples also believed that Holmes had failed to pay property taxes and maintain insurance on the property. Efforts to resolve these problems and complete construction included the discussion of another loan; however, Peoples insisted on certain conditions for additional financing, such as requiring Holmes to obtain the services of a licensed | ggeneral contractor and end Reed’s involvement in the project. Holmes apparently refused the proposed terms, and Peoples did not extend additional financing.
By way of a letter dated March 3, 1998, Peoples demanded payment of the outstanding balances on the loans made to Holmes. Peoples then filed a petition for executory process on March 26, 1998 to seize and sell the property. On March 30, 1998, the trial court ordered the issuance of a writ of seizure and sale. Holmes responded to Peoples’ actions by filing a formal complaint about Peoples to the FDIC, alleging racial discrimination. Holmes also filed the instant suit for damages against Peoples on April 1, 1998, alleging that Peoples’ actions constituted a violation of both the Louisiana Equal Credit Opportunity Act, La. R.S. 9:3581 et seq., and 15 U.S.C. § 1691. Holmes later amended her petition to drop the federal law claim. This appeal arises from proceedings in Holmes’ suit against Peoples.
In the meantime, Holmes attempted to stop the sheriffs sale of the seized property by filing a petition for arrest of seizure and sale in which she alleged that Peoples had failed to comply with the authentic evidence requirements for executory proceedings. The trial court denied relief. Holmes applied for supervisory review, which was denied by this court on May 28, 1998 in No.31421-CW and by the supreme court on June 6, 1998 in No. 98-CC-1448. Holmes also filed for Chapter 13 bankruptcy in an effort to stop the sale of the seized property. However, Peoples successfully overturned the stay as to the sale of the property, and in September 1998, Holmes dismissed her bankruptcy action.
On October 23, 1998, Peoples answered Holmes’ petition for damages and asserted a reconventional demand for a money judgment on the amounts due on the outstanding loans. On October 28, 1998, Peoples was the high bidder at the sheriffs sale of the property. Holmes then amended her petition for damages to allege that Peoples improperly converted the executo-ry process to an ordinary paction by filing the reconventional demand for a money judgment. In the amended petition, Holmes alleged that the sheriffs sale was improperly conducted and prayed that either the sheriffs sale be declared a nullity or that damages be awarded.
On January 27, 1999, as Peoples began efforts to sell the property to a third party, Holmes filed an application in the instant proceedings for a preliminary injunction under La. C.C.P. arts. 2752, 2753, and 3602 to stop the sale. In the application, Holmes referred to the pending litigation for damages or nullity of the sheriffs sale and to findings by the FDIC of violations by Peoples of consumer protection laws, including a truth-in-lending violation involving misrepresentation of finance charges. Peoples responded by filing its own application for injunctive relief and for issuance of a writ of mandamus to obtain cancellation of notices of lis pendens filed by Holmes and Reed in the conveyance and mortgage records of Caddo Parish and to prevent further filings affecting the property. Thereafter, on February 8, 1999, Peoples filed an opposition to Holmes’ petition for preliminary injunction *1009 and sought dissolution of a temporary restraining order granted by the trial court in response to Holmes’ application for a preliminary injunction. Peoples alleged that the temporary restraining order, which suspended the sale of the property pending a hearing on Holmes’ application for a preliminary injunction, was issued without prior notice, security, or a showing of irreparable harm. Peoples also alleged that Holmes mistakenly relied upon La. C.C.P. arts. 2752 and 2753 in seeking in-junctive relief as those articles pertain only to enjoining seizure and sale of property through executory process. Peoples also filed a supplemental petition for in-junctive relief and writ of mandamus seeking an order directing removal of a worker and materialman lien filed by Reed against Peoples.
The pending motions for injunctive relief were heard on February 16,1999, at which time Holmes, Reed, and Dale Hopper on behalf of Peoples testified. The Ltrial court rendered a judgment on March 9, 1999, in favor of Holmes, finding that Peoples acted in bad faith towards her and that she was in danger of receiving irreparable harm for which an award of damages would not suffice. As such, the trial court issued a preliminary injunction enjoining Peoples “from allowing any third person or entity to purchase or use the property located at 2018 N. Cross Blvd., Shreveport, Louisiana, in violation of the contract with Patricia Lattier Holmes.” The trial court also provided an “Amended Judgment” which granted the same relief but with additional findings regarding alleged violations by Peoples as determined by the FDIC.
Peoples filed for both supervisory and appellate review of the trial court’s adverse judgment. On supervisory review, we determined that the “Amended Judgment” was not substantive because the trial court’s disposition remained the same. We denied Peoples’ request for dissolution of the preliminary injunction with the caveat that our ruling would not be construed as a finding under La. C.C.P. art. 3608 that injunctive relief was appropriate. We also ruled that the notices of lis pen-dens were not disturbances in law under La. C.C.P. art. 3659 so long as the action for nullity is pending. Lastly, we granted Peoples’ request for relief from the filing of a lien by Reed and ordered a hearing to show cause why the lien should not be canceled.
The matter is now before us on appeal, whereby Peoples challenges the issuance of the preliminary injunction and temporary restraining order as well as the trial court’s failure to order cancellation of the notices of Us pendens filed by Holmes and Reed.
DISCUSSION
Peoples asserts that the trial court erred in granting a preliminary injunction in favor of Holmes when none of the requirements for issuance of such an injunction had been met. Specifically, Peoples argues that Holmes did not furnish |ssecurity as mandated by La. C.C.P. art. 3610 and that Holmes failed to show either irreparable harm or the likelihood of success on the merits of her claim. Peoples also asserts that the trial court erred in issuing a temporary restraining order without proper notice and security.
Holmes based her application for injunctive relief on La. C.C.P. arts. 2752 and 2753, as well as on La. C.C.P. art. 3602. Articles 2752 and 2753 provide the procedure for a defendant in an executory proceeding to arrest seizure and sale of the property by injunction. See La. C.C.P. art. 2751. Article 2752 permits such a defendant to apply for a preliminary injunction in accordance with Article 3602. Article 2753 provides that the original debtor is not required to furnish security when injunctive relief is sought on certain grounds. Holmes’ application for injunctive relief was filed after seizure and sale of the property. Holmes’ purpose in seeking injunctive relief was not to arrest the seizure and sale of the property, but to *1010 prevent the sale of the property by Peoples, the purchaser of the property at the sheriffs sale, to a third person before a determination on the merits of her claim for damages or nullity of the sheriffs sale. Therefore, Holmes’ reliance on Articles 2752 and 2753 in applying for injunctive relief was misplaced since seizure and sale of the property had already been accomplished.
To obtain a preliminary injunction, Holmes, the moving party, must show that she is entitled to the relief sought, without which irreparable harm, loss, or damage will result. La. C.C.P. art. 3601; Wied v. TRCM, LLC, 30,106 (La.App.2d Cir.7/24/97), 698 So.2d 685; Louisiana Gaming Corp. v. Rob’s Mini-Mart, Inc., 27,920 (La.App.2d Cir.1/24/96), 666 So.2d 1268. Irreparable injury is injury or loss for which damages cannot be measured by a pecuniary standard or adequately compensated in money damages. Brannan v. Talbot, 29,692 (La.App.2d Cir.4/2/97), 691 So.2d 848, review denied, 97-1419 (La.9/19/97), 701 So.2d 172. Another requirement for obtaining a preliminary injunction is a prima facie | ^showing that the moving party will prevail on the merits. Wied, supra; Louisiana Gaming Corp., supra. The trial court has great discretion in deciding whether to grant or deny a preliminary injunction, and its ruling will not be disturbed absent manifest error. Wied, supra; Louisiana Gaming Corp., supra.
Also relevant is La. C.C.P. art. 3610 which provides:
A temporary restraining order or preliminary injunction shall not issue unless the applicant furnishes security in the amount fixed by the court, except where security is dispensed with by law. The security shall indemnify the person wrongfully restrained or enjoined for the payment of costs incurred and damages sustained.
It is clear from the record that Holmes did not furnish security as required by Article 3610 to support either the temporary restraining order or preliminary injunction issued by the trial court. No basis has been suggested or found for dispensing with security under the facts of this case. In cases where security has not been furnished as required by Article 3610, appellate courts have the option to either vacate the preliminary injunction or remand for the furnishing of security. Stuart v. Haughton High School, 614 So.2d 804 (La.App. 2d Cir.1993). Here, remand would serve no purpose since, as we will address, the trial court erred in granting a preliminary injunction.
With regard to the preliminary injunction, Holmes was required to show both that she would suffer irreparable harm and that she would likely prevail on the merits of her claim. Although the trial court found that Holmes established that she would suffer irreparable harm, Holmes’ testimony does not support this finding. Throughout her testimony, Holmes repeatedly referred to the financial impact of Peoples’ actions and the possible sale of the property to a third person. Holmes testified that the sale of the property would be devastating to her, particularly in a financial sense. When asked why she could not be adequately compensated in damages, Holmes answered, “Because of all the funds and money that has been invested into the property, including the property itself, and all |7expenses that I was asked to provide the Peoples State Bank up front.” In further explanation, Holmes testified, “... [I]t would be detrimental to my financial future based on all the investments that I had put into it and everything that I had saved for the house.” Holmes also made reference to the mental anguish she suffered in trying to get Peoples to continue providing financing. To show irreparable injury, Holmes testified that she personally designed aspects of the house, including the surrounding architecture and landscaping, and that the house was located on a “choice lot” in a gated community with a lakefront view. Holmes stated that no *1011 other lot in the community could accommodate the house as designed. However, when asked how the loss of the house would affect her, Holmes responded that its effect would be in terms of her finances and her business.
The totality of Holmes’ testimony shows that her primary loss is financial and that she could receive adequate compensation in money damages should she prevail on her claims against Peoples. Even if we consider evidence of Holmes’ personal, rather than financial, investment in the property, the evidence does not establish that irreparable injury, loss, or damage may result even if the property is sold and Holmes ultimately prevails on her claim. Because Holmes failed to show that she would suffer irreparable injury, we find that it was manifest error for the trial court to grant the preliminary injunction.
Because injunctive relief is inappropriate on the basis of the failure to prove irreparable injury, we need not consider the other arguments urged by Peoples, namely, whether Holmes made a prima, facie, showing that she would prevail on the merits of her claim and the alternative issue raised by Peoples regarding the scope of the injunctive relief ordered by the trial court. Our determination that Holmes failed to prove entitlement to a preliminary injunction leaves only the merits of Holmes’ claim for nullity of the sheriffs sale as the remaining issue before the trial court.
[^Peoples also presents for our review the contention that the trial court erred in failing to grant its request for an injunction and writ of mandamus directing the removal of notices of lis pendens filed by Holmes and Reed. Peoples has previously presented this same issue on supervisory review, and this court determined that the recorded notices of lis pendens do not amount to disturbances in law under La. C.C.P. art. 3659 so long as the action for nullity is pending. Because this court has already ruled on this issue, we will not revisit it on appeal.[1]
CONCLUSION
Based on our determination that the trial court erred in granting injunctive relief in favor of Holmes, we hereby reverse the trial court’s judgment granting the preliminary injunction, vacate the preliminary injunction, and remand the matter for further proceedings on the merits of Holmes’ nullity claim. Costs of this appeal are assessed against Holmes.
REVERSED, VACATED, AND REMANDED.

. We note Peoples’ argument that Reed has no basis for filing a notice of lis pendens since he is not a party to this proceeding. Our review of the notice of lis pendens filed by Reed makes reference to a suit filed by Reed against Peoples. We cannot say the Reed's notice is improperly filed, because we have no information in the record regarding this other pending litigation.