824 So.2d 531 (2002)
John Robert GAUMNITZ, et al., Plaintiffs-Appellants,
v.
Cordes WILLIAMSON, et al., Defendants-Appellees.
No. 36,177-CA.
Court of Appeal of Louisiana, Second Circuit.
August 14, 2002.
*532 Leroy Smith, Jr., Tallulah, for Plaintiffs-Appellants.
C. Calvin Adams, Jr., Tallulah, for Defendants-Appellees.
Before BROWN, GASKINS, and DREW, JJ.
GASKINS, J.
The plaintiffs, John Robert Gaumnitz, Bruce Wallace, and his wife Judy Wallace, appeal from a trial court judgment granting a temporary restraining order and preliminary injunction in favor of the defendants, Betty Williamson, Sheri Kay Brown Morgan, Christie Brown Humble, Julie Brown McBroom, and Cindy Brown Hargrave.[1] For the following reasons, we affirm the trial court judgment.

FACTS
The plaintiffs claim that in June 2000, they purchased five acres of land in Madison Parish bordered by the Tensas River, the Tensas River National Wildlife Refuge, and by land owned by the defendants. The plaintiffs contend that there is no route to the property by any public road or right-of-way. According to the plaintiffs, the only land access to the tract is over the defendants' property. The plaintiffs purchased the property to establish a hunting camp. Due to its proximity to the Tensas River National Wildlife Refuge, it affords access to that area.
Shortly after the plaintiffs purchased the property, they inspected it and encountered Cordes Williamson. Mr. Williamson told them that he would not allow them to travel across his property to get to the disputed tract. Allegedly, Mr. Williamson told the plaintiffs that they would have to travel on the river if they wanted access to the property.
On February 6, 2001, the plaintiffs filed suit against Cordes and Betty Williamson to obtain the right of passage to their property, claiming that it was necessary to pass over the defendants' land to reach the five-acre tract. On February 22, 2001, the defendants responded with an answer and reconventional demand asserting a possessory action against the plaintiffs. The Williamsons claimed that they have possessed the disputed five-acre tract since 1963 and that their possession was disturbed by the filing of this lawsuit. The defendants also claimed that the plaintiffs trespassed on the property. They sought to enjoin the plaintiffs from interfering with the defendants' possession and enjoyment of the property.
The defendants filed exceptions of vagueness, prematurity, failure to join other alleged owners of the five-acre tract, failure to join indispensable parties, and no cause of action for failure to allege a justiciable interest. They claimed that the property description was too vague to *533 identify the disputed tract.[2] The defendants alleged that the plaintiffs failed to set forth the route they wanted for access and failed to join other landowners who might be called upon to grant access. The defendants asserted that the plaintiffs owned only a portion of an undivided interest in the disputed five acres. Likewise, the defendants claimed that they owned only a portion of an undivided interest in the land over which the plaintiffs sought a right of passage.
On October 23, 2001, the defendants petitioned for a temporary restraining order (TRO) and injunctive relief to prevent ingress and egress over their property and over the disputed tract. They claimed that the plaintiffs went onto the five-acre tract and erected a building, posted the property and painted boundary lines. The defendants alleged that irreparable harm would result if the TRO was not granted. The TRO was granted that day and a hearing was set within ten days.
On October 26, 2001, the plaintiffs filed a reconventional demand seeking to enjoin the defendants from coming onto the disputed five-acre tract and interfering with the plaintiffs' enjoyment thereof. They also asked for damages for the wrongful issuance of a TRO, including costs, expenses, and attorney fees.
On November 5, 2001, the defendants filed an exception of no cause of action to the reconventional demand. They argued that the plaintiffs failed to state a cause of action for injunctive relief because they failed to allege that a forced passage had been fixed by agreement or by judicial decision.
A hearing was held on November 5, 2001, on the defendants' exceptions to the plaintiffs' demand for passage and the defendants' request for a TRO.
On December 14, 2001, the trial court issued a judgment on the exceptions and the rule for a preliminary injunction. The court's ruling regarding the exceptions is not at issue here. The trial court made the TRO absolute and granted a preliminary injunction against the plaintiffs, their agents, employees, attorneys, or anyone acting on their behalf, enjoining them from entering the premises claimed by the defendants or utilizing ingress and egress on any property owned by the defendants to which they originally sought ingress and egress, or continuing with construction on the premises, cutting trees, painting boundaries or placing posted signs along the roads to the camp, or hunting on the premises of the disputed five-acre tract or property owned by the defendants. The preliminary injunction was to remain in effect until judgment on the main demand or until further order of the court.
*534 In reasons for judgment, the trial court found that the Williamsons acquired an undivided ½ interest in their property in 1963, together with three other couples, excluding the five-acre tract at issue here. R.F. Learned & Son, Inc., or its successor in title, owned the other ½ interest. In 1962, R.F. Learned & Son, Inc. leased its interest to Mr. Williamson for five years. Later, the Williamsons and James and Virginia Brown acquired the interest owned by the other two couples.
The plaintiffs acquired a full interest in the disputed five acres from the heirs of V.W.F. Jefferson. Jefferson purchased the property in 1929.
Regarding the claim for injunctive relief, the trial court noted that about eight months after the plaintiffs filed suit to assert a right of passage, Bruce Wallace began construction of a camp on the disputed property, began marking boundary lines, and traversed over the defendants' property to gain access to the disputed five-acre tract. The court found that the plaintiffs never went onto the property until after the purchase. It also pointed out that the boundaries were so vague that they cannot be determined without a judicial determination or an agreement of the parties. According to the court, the defendants have been using the property since 1962, "either as tenants, owners, overseers or usurpers." The question of whether their possession was sufficient to prevail in a possessory action is to be determined in a trial on the merits. The court found that until that determination is made, the defendants are entitled to maintain the status quo.
The trial court found that, in seeking a TRO, the defendants followed the requirements of La. C.C.P. art. 3603[3] in showing, by verified petition and specific facts alleged therein, that immediate and irreparable injury, loss, or damage would result before the adverse parties or their attorney could be heard in opposition. The court found that the TRO was properly issued and the defendants were entitled to a preliminary injunction effective until the issues of right of passage and possession are determined at a trial on the merits. The plaintiffs appealed the trial court judgment, claiming that the trial court erred in granting the TRO and the preliminary injunction.

TEMPORARY RESTRAINING ORDER
The plaintiffs argue that the trial court erred in granting the TRO without notice being given to opposing counsel pursuant to La. C.C.P. art. 3603. This argument is without merit.
In this case, the plaintiffs did not file a separate motion to dissolve the defendants' TRO, but rather raised their objections to its issuance and their claim for damages in a supplemental answer to the defendants' pleading and in a reconventional demand requesting their own TRO and preliminary injunction against the defendants. The transcript of the proceedings contains very little discussion or argument on this issue. *535 However, the trial court's reasons for judgment specifically address the propriety of granting the TRO. The trial court rejected the plaintiffs' argument that the TRO was wrongfully issued and rejected their claim for damages and attorney fees.
On appeal, the plaintiffs object that the defendants filed for the TRO at a time when they knew that the plaintiffs' lawyer was not available to respond. The parties' pleadings show that their attorneys discussed the plaintiffs' actions on the property and their unwillingness to cease their activities pending the outcome of the case on the merits. Subsequently, the defendants' counsel sought a TRO. The defendants' affidavit sets forth that it would do no good to provide notice for a TRO and such notice should not be required so that the TRO could issue immediately. The plaintiffs urge that there was no indication in the affidavit as to what efforts were made to contact opposing counsel. According to the plaintiffs, the TRO should not have been issued, particularly when it prevents them from going onto their own property.
Appeals from judgments involving TROs are governed by La. C.C.P. art. 3612 which provides in pertinent part:
A. There shall be no appeal from an order relating to a temporary restraining order.
An appellate court has no authority on appeal to consider the propriety of the trial court judgment refusing to dissolve a TRO. Chauvin v. Matherne, 419 So.2d 1276 (La.App. 1st Cir.1982); Budd Construction Company, Inc. v. City of Alexandria, 401 So.2d 1070 (La.App. 3d Cir.1981), writ denied, 404 So.2d 1262 (La.1981); McCown v. McCown, 93-899 (La.App. 3d Cir.3/2/94), 634 So.2d 1249; Vienna Bend Subdivision Homeowners Association v. Manning, 459 So.2d 1345 (La.App. 3d Cir. 1984); Arceneaux v. Arceneaux, 98-1178 (La.App. 4th Cir.3/17/99), 733 So.2d 86, writ denied, 99-0518 (La.4/9/99), 740 So.2d 633, writ not considered, 99-1351 (La.6/25/99), 745 So.2d 624; Ducros v. St. Bernard Parish Police Jury, 200 La. 766, 8 So.2d 694 (1942); Darmana v. New Orleans Stock Yard, 226 La. 897, 77 So.2d 528 (1954). See also Carson v. Thomas, 342 So.2d 1219 (La.App. 2d Cir.1977).
In Budd Construction Company, Inc. v. City of Alexandria, supra, the third circuit rejected the argument that an appellate court may review the trial court's refusal to dissolve a TRO when an issue regarding such refusal is presented on appeal from the grant or denial of a preliminary injunction. The court noted that a TRO is only a temporary restraint. The court reasoned that a TRO, by it very nature, is dissolved by operation of law once the trial court grants or denies the request for a preliminary injunction by the party in whose favor the TRO was issued.
Based upon this reasoning, we find that the claims raised by the plaintiffs regarding the TRO in favor of the defendants are not properly before this court for review and will not be considered.

PRELIMINARY INJUNCTION
The plaintiffs object that the trial court erred in granting the preliminary injunction. They claim that the court could have properly granted the defendants' claim for a TRO and injunction preventing the plaintiffs from going onto the defendants' property bordering the disputed acreage, but there was no authority to prevent the plaintiffs from using the five-acre tract. According to the plaintiffs, the defendants' possessory action is not sufficient grounds to enjoin those holding title to the property from going on their own property. These arguments are without merit.
*536 La. C.C.P. art. 3601 provides in pertinent part:
An injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law....
A preliminary injunction is a procedural device interlocutory in nature designed to preserve a status pending final determination of an action. Generally, a trial court is granted wide discretion in deciding whether to grant or deny a preliminary injunction and its ruling will not be disturbed absent manifest error. Wied v. TRCM, LLC, 30,106 (La.App.2d Cir.7/24/97), 698 So.2d 685; Louisiana Gaming Corporation v. Rob's Mini-Mart, Inc., 27,920 (La.App.2d Cir.1/24/96), 666 So.2d 1268.
To obtain a preliminary injunction, the moving party must show that he is entitled to the relief sought without which irreparable harm, loss, or damage will result. Holmes v. Peoples State Bank of Many, 32,749 (La.App.2d Cir.3/3/00), 753 So.2d 1006. An applicant for a preliminary injunction need make only a prima facie showing that he will prevail on the merits; thus less proof is required than in an ordinary proceeding for permanent injunction. Hailey v. Panno, 472 So.2d 97 (La.App. 5th Cir.1985). However, a preliminary injunction brought pursuant to La. C.C.P. Art. 3663 does not require a showing of irreparable injury. Hailey v. Panno, supra; Monroe Real Estate & Development v. Sunshine Equipment Company, Inc., 35,555 (La.App.2d Cir.1/23/02), 805 So.2d 1200; Terre Aux Boeufs Land Company, Inc. v. J.R. Gray Barge Company, 2000-2754 (La.App. 4th Cir.11/14/01), 803 So.2d 86, writ denied, XXXX-XXXX (La.3/8/02), 811 So.2d 887.
La. C.C.P. art. 3663 provides:
Sequestration of immovable property or of a real right therein involved in a possessory or petitory action during the pendency thereof is available under the applicable provisions of Chapter 1 of Title I of Book VII.
Injunctive relief, under the applicable provisions of Chapter 2 of Title I of Book VII, to protect or restore possession of immovable property or of a real right therein, is available to:
(1) A plaintiff in a possessory action, during the pendency thereof; and
(2) A person who is disturbed in the possession which he and his ancestors in title have had for more than a year of immovable property or of a real right therein of which he claims the ownership, the possession, or the enjoyment.
La. C.C.P. art. 3663 specifically provides injunctive relief in two separate cases: (1) as an ancillary remedy in a possessory action; and (2) as the relief to be granted in an injunction suit brought to enjoin trespassers and other disturbers, and which is neither a possessory nor a petitory action. Barrilleaux v. NPC, Inc., 97-2040 (La.App. 1st Cir.12/29/97), 704 So.2d 449. La. C.C.P. art. 3663(2) provides injunctive relief to the person who seeks protection of his claim to ownership, possession, or enjoyment of a real right-whether ultimately shown to be the owner of the right or not. Churchill Farms v. Gaudet, 184 La. 984, 168 So. 123 (1936); Monroe Real Estate & Development Company, Inc. v. Sunshine Equipment Company, Inc., supra. See also Loeblich v. Garnier, 113 So.2d 95 (La.App. 1st Cir. 1959).
In the present case, the defendants objected to the plaintiffs traversing the defendants' property to reach the five-acre tract. The defendants also asserted a possessory action as to the acreage. In reasons for judgment, the trial court found *537 that the defendants possessed the disputed tract since the early 1960s. The court declined to rule upon whether the defendants' possession was sufficient to prevail in a possessory action, noting that the determination would be made after a trial on the merits. However, until that determination could be made, the court found that the defendants were entitled to maintain the status quo. The court found that the defendants showed possession of some form for many years and that the plaintiffs only went onto the property after their purchase in June 2000. Therefore, the plaintiffs had only recently disturbed the defendants' possession. The defendants filed their possessory action shortly after the disturbance of possession by the plaintiffs. The defendants also showed that, in order to reach the five-acre tract, the plaintiffs trespassed on property partially owned by the defendants. One of the plaintiffs had began construction of a camp and marked the lines he thought to be the boundary. The trial court also concluded that the description of the five acres was so vague, it could not be identified and located without an agreement of the parties or a judicial determination. In applying the applicable statutes and jurisprudence to these facts, we find that the trial court did not err in granting a preliminary injunction in favor of the defendants.

DAMAGES AND ATTORNEY FEES
Based upon their allegation that the TRO and the preliminary injunction were wrongfully entered, the plaintiffs assert that they are entitled to damages and attorney fees under La. C.C.P. art. 3608. Because we have rejected the plaintiffs' arguments in this regard and have affirmed the preliminary injunction in favor of the defendants, we do not reach consideration of this issue.

CONCLUSION
For the reasons stated above, we affirm the trial court judgment granting a preliminary injunction in favor of the defendants, Betty Williamson, Sheri Kay Brown Morgan, Christie Brown Humble, Julie Brown McBroom, and Cindy Brown Hargrave, enjoining the plaintiffs, John Robert Gaumnitz, Bruce Wallace, and Judy Wallace, from trespassing on the defendants' property and from interfering with the defendants' possession of the five-acre tract, pending trial on the merits. We also affirm that portion of the trial court judgment rejecting the plaintiffs' claims for damages and attorney fees for wrongful issuance of a TRO and preliminary injunction. Costs in this court are assessed to the plaintiffs.
AFFIRMED.
NOTES
[1] Original defendants were Cordes Williamson and his wife, Betty. Mr. Williamson died on June 15, 2001. He had one daughter who predeceased him. Her four daughters were substituted for Mr. Williamson on September 20, 2001.
[2] In their petition, the plaintiffs describe the land as follows:

A plot of ground containing 5 acres, which plot is approximately square, and the Southern boundary line of which is the Southern boundary line of Section 3, and the Southern and Eastern boundary line is the Tensas River, located in the SW ¼ of Section 3, Township 15 North, Range 11 East, being the same property excepted by V.W.F. Jefferson in sale to Learned, Gilbert & Spencer in deed recorded in Conveyance Book "Y" at page 13 of the public records of said Parish of Madison.
BEING A PORTION OF THE REAL PROPERTY INHERITED BY THOMAS ALLEN JEFFERSON FROM HIS FATHER, THOMAS H. JEFFERSON, PROBATE NUMBER 1802, RECORDED IN THE NOTARIAL RECORD OF MADISON PARISH, LOUISIANA IN CONVEYANCE BOOK "30" PAGE 621, UNDER REGISTER NUMBER 43389; AND FROM THE UNOPENED SUCCESSION OF MRS. HATTIE HINDS JEFFERSON, DECEASED, MOTHER OF THOMAS ALLEN JEFFERSON.
[3] La. C.C.P. art. 3603 provides:

A. A temporary restraining order shall be granted without notice when:
(1) It clearly appears from specific facts shown by a verified petition or by supporting affidavit that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition, and
(2) The applicant's attorney certifies to the court in writing the efforts which have been made to give the notice or the reasons supporting his claim that notice should not be required.
B. The verification or the affidavit may be made by the plaintiff, or by his counsel, or by his agent.