WILLIAMS, J.
|TThe defendant, Tram Investments, Inc., appeals a judgment issuing a preliminary injunction prohibiting any distribution of the assets held by the defendant. The district court found that there would be irreparable harm if the assets were not available to the plaintiff in reconvention, RAMMBLE, LLC. For the following reasons, we reverse the judgment, vacate the preliminary injunction and remand for further proceedings.
*471 FACTS
In November 2001, Robert Meredith, III (“Meredith”), wrote a letter to Michael Eymard (“Eymard”) and Raimy Eymard stating that they were entering into “a number of transactions which encompass several undocumented understandings” between the parties. The purpose of these transactions was to provide financing of Meredith’s outstanding debt, which included a home loan to BankOne and the amount of $917,000 owed to Eymard.
In the letter, Meredith wrote that he agreed to execute a note to Tram Investments, Inc. (“Tram”), and to “settle that note with my assignment to TRAM of my oil royalty interest in Mississippi, the proceeds of any distribution to my 50% membership interest in Louisiana Oil Ventures, my ownership in 57 acres of land next to my home and any sums received” from litigation involving his son. Tram agreed to purchase the home owned by Meredith and his wife, Belinda Meredith, for the BankOne loan payoff amount of $481,000, to be financed by Caldwell Bank. Tram agreed to lease the home to Belinda for the amount of the monthly mortgage payment to Caldwell Bank.
|2The parties further agreed that Meredith’s children would pay Tram a sum sufficient to pay off the Caldwell Bank note and once that note was paid, Tram would reconvey the home to Meredith or his designee. The letter also provided that Meredith’s children would execute a note to Tram in the amount of $917,569.12 and that they would pay Tram with funds from their brother’s estate. Once that note was paid in full, Tram would assign 100% of its stock to Meredith or his desig-nee. Apparently, Eymard created Tram to hold the assets of Meredith as stated in the letter. Later, Meredith’s children formed RAMMBLE, LLC, to hold certain assets.
In February 2009, the plaintiffs, Robert and Belinda Meredith, filed a petition for specific performance against the defendant, Tram, seeking to have their home reconveyed to them as provided in the November 2001 “counterletter” agreement. Tram filed exceptions of vagueness and no cause of action. The district court denied the exception of no cause of action and granted the exception of vagueness, ordering the plaintiffs to file the counterletter or plead its express provisions. Plaintiffs then filed an amended petition adding Community Bank as a party defendant and attaching a copy of the counterletter.
In response, Tram filed an answer, a reconventional demand against the plaintiffs and a third party demand against RAMBLE, LLC and Amy Hale, a member of the company and Meredith’s daughter. RAMMBLE and Hale then filed an answer to the third party demand and a re-conventional demand against Tram, its shareholders, Michael Eymard, Louis Ey-mard, Raimy Eymard, Beverly Eymard, and Community Bank. RAMMBLE alleged that all of the obligations of Meredith under the counterletter had | ¡¡been satisfied and that Tram was required to reconvey Meredith’s home and the Tram stock to RAMMBLE as Meredith’s desig-nee. RAMMBLE also sought an injunction prohibiting the distribution of assets and the transfer of stock by Tram during the pendency of these proceedings. In response to RAMMBLE’s demand, Tram filed an exception of no right of action, which was denied by the district court. Community Bank was later dismissed from the lawsuit.
After a hearing on the preliminary injunction, the district court issued written reasons for judgment finding that RAMM-BLE had presented prima facie evidence that Meredith had complied with the obligations of the letter agreement and that RAMMBLE would suffer irreparable *472 harm if the assets and stock of Tram could not be delivered. The court rendered judgment issuing a preliminary injunction prohibiting Tram from distributing any of its assets and transferring its stock. Tram appeals the judgment.
DISCUSSION
Tram contends the trial court erred in granting a preliminary injunction prohibiting the distribution of assets and the transfer of stock by Tram while this litigation is pending. Tram argues that the injunction is improper because RAMM-BLE failed to show that irreparable harm would occur without such relief.
An injunction shall issue in cases where irreparable injury, loss or damage may otherwise result to the applicant, or in other cases specifically provided by law. LSA-C.C.P. art. 3601. The writ of injunction is an extraordinary remedy which should only issue in those instances where the moving party is threatened with irreparable loss or injury and is without an 14adequate remedy at law. Brannan v. Talbot, 29,692 (La.App.2d Cir.4/2/97), 691 So.2d 848. Irreparable harm is defined as injury or loss for which damages cannot be measured by a pecuniary standard or which cannot be adequately compensated in money damages. Brannan, supra.
Another requirement for obtaining a preliminary injunction is a prima facie showing that the moving party will prevail on the merits. Holmes v. Peoples State Bank of Many, 32,749 (La.App.2d Cir.3/3/00), 753 So.2d 1006. The trial court has discretion in determining whether or not to issue a preliminary injunction and its ruling will not be disturbed absent an abuse of discretion. Holmes, supra.
In the present case, RAMMBLE argues that it is not required to show irreparable harm as an element of proof for injunctive relief when seeking to protect rights in real property. Injunctive relief to protect or restore possession of immovable property or of a real right therein is available to a person who is disturbed in the possession, which he has had for more than a year, of immovable property or of a real right therein. LSA-C.C.P. art. 3663(2). A person is in possession of immovable property or of a real right therein, within the meaning of Article 3663, when he has the corporeal possession thereof and possesses for himself. LSA-C.C.P. art. 3660.
RAMMBLE never possessed the property at issue, but asserts that it is protecting Meredith’s possession of the property. However, the record shows that Meredith was in possession of the property in question by virtue of his wife’s lease agreement with Tram. As a lessee, Meredith is a precarious possessor who exercises possession over a thing with the permission of the owner and is presumed to possess for another, even though | Bhe may intend to possess for himself. LSA-C.C. arts. 3437, 3438; Sorrento Companies, Inc. v. Honeywell International, Inc., 04-1884 (La.App. 1st Cir.9/23/05), 916 So.2d 1156. Although Meredith was in corporeal possession of the property, he possessed for Tram. Thus, RAMMBLE cannot establish that Meredith was disturbed in his possession of the immovable. Additionally, RAMMBLE has not shown that Meredith possesses a real right in the immovable property, as the contract of lease creates personal rights only and does not convey any real right or title to the property leased. See Richard, v. Hall, 03-1488 (La.4/23/04), 874 So.2d 131; Sorrento Companies, supra. Consequently, Article 3663 is inapplicable.
Although the trial court found that Meredith would suffer irreparable harm if the house could not be returned to him, the evidence presented does not support this finding. During his testimony, Meredith expressed his concern that without an *473 injunction, the house would not be available for return to him as provided in the counterletter. However, Meredith’s testimony did not demonstrate that irreparable injury or loss would result even if the property is sold and Meredith ultimately prevails in his claim. The counterletter was admitted into evidence and states the purchase price of the house. RAMMBLE did not produce other evidence to show that the value of the house or the stock could not be measured by a pecuniary standard. Nor did any personal attachment to the house deter Meredith from conveying the property to Tram in order to obtain financing for the payment of his BankOne loan. Thus, the trial court erred in determining that RAMMBLE showed irreparable injury.
Consequently, based upon this record, we conclude that the trial court |fiabused its discretion in granting a preliminary injunction. Accordingly, we shall reverse the judgment enjoining the distribution of assets and the transfer of stock held by Tram.
CONCLUSION
For the foregoing reasons, the district court’s judgment granting a preliminary injunction is reversed and the preliminary injunction is vacated. This matter is remanded for further proceedings. Costs of this appeal are assessed to the appellees, RAMMBLE, L.L.C. and Amy Hale.
REVERSED; PRELIMINARY INJUNCTION VACATED AND REMANDED FOR FURTHER PROCEEDINGS.
APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, DREW, MOORE and LOLLEY, JJ.
Rehearing denied.