FREDERICKA HOMBERG WICKER, Judge.
^Defendant appeals the trial court’s judgment dismissing his motion to dissolve a temporary restraining order and issuing a preliminary injunction against him. For the following reasons, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On July 22, 2014, plaintiff, Michael De-lesdernier, an elected member of the Jefferson Parish School Board, filed a “Petition for Injunctive Relief, Preliminary Injunction, and Temporary Restraining Order” in the Twenty-Fourth Judicial District Court against defendant, Mr. Cedric Floyd, also an elected member of the Jefferson Parish School Board. * In his petition, plaintiff sought to enjoin Mr. Floyd from threatening, intimidating, assaulting, battering, touching, or coming within three (3) feet of plaintiff in a threatening manner. Plaintiffs petition alleged that, on July 2, 2014, during an Executive Session meeting of the School Board, Mr. Floyd “charged petitioner' in a physically, aggressive, threatening, and intimidating manher ... in an ,' attempt to ... instigate a physical confrontation with petitioner.” [ .^Plaintiff further alleged that, after the board members exited the meeting room to return to the public meeting, Mr. Floyd “intentionally and violently struck the rear of petitioner’s chair” as he passed behind plaintiff to return to the dais.
The trial court issued a temporary restraining order and set a hearing on- plaintiffs petition for a preliminary injunction for July 30, 2014. Due to multiple judges’ recusals from the matter, as well as Mr. Floyd’s requests for continuances, the temporary restraining order was extended and the preliminary injunction hearing was reset several times. Mr. Floyd filed motions to dissolve the original and extended temporary restraining orders, seeking damages and attorney fees for the wrongful issuance of. the orders. , On October 17, 2014, and October 27, 2014, the trial judge conducted hearings on.the motion to dissolve the temporary restraining order as well as the petition ,fpr preliminary injunction.
At the preliminary injunction hearing, the parties presented witness testimony concerning thé events that took place during' the July 2, 2014 Executive Session, leading up to the alleged incident, as well as the subsequent incident that took place on the dais. Mr. Delesdernier testified and also presented the testimony of Patricia Adams and Michael* Fanning, the Board’s attorneys, as well as the testimony of Board members'Mark Morgan and Pat Tovrea. Mr. Floyd also testified at the hearing and presented the testimony of Board member Etta Liccardi.
Following the hearing, the trial'judge issued a judgment, dismissing Mr. Floyd’s motion to dissolve the temporary restraining order with prejudice and' issuing a preliminary injunction against him. In her written Reasons for Judgment, the trial judge made the following factual findings:
[School Board attorney] Ms. Adams presented the members with her legal opinion. In what was referred to alternatively by Mr. Floyd and Ms. Adams as a “presentation” or á “tirade,” Mr. Floyd voiced his strong opposition to Ms. Adam’s conclusion. While Mr. Floyd *1162 was speaking, Mr. Delesdernier approached the door exiting the meeting Droom which was several feet away from Mr. Floyd. As he stood near the door, Mr. Delesdernier stated to- Mr. Floyd that he should use a more appropriate tone of voice. Mr. Floyd instantly lost his temper. He jumped from his seat, charged at Mr. • Delesdernier in an aggressive manner, and pointed his finger in Mr. Delesdernier’s face while yelling “shut up” and “you’re not going to shut me down.” The -witnesses described Mr. Floyd’s behavior as: “aggressive,” “provocative,” “threatening,” and “intimidating.” They stated that Floyd “pinned Mr. Delesdernier against the wall,” “got in his face,” was “chest to chest” with him and “poked his finger in his face.” One witness testified that “you couldn’t not interpret [Mr. Floyd’s] acts as threatening.” Multiple people had to physically] separate Mr. Floyd from Mr. Delesdernier in order to avoid the incident’s progression into a physical altercation. The witnesses testified that during the.entire incident, Mr. Delesder-nier acted in a passive manner, kept his hands by his sides, and refused to engage Mr. Floyd in argument.
Ms. Adams, Mr. Fanning, Mr. Morgan and Mr. Tovrea testified consistently and credibly that Mr. Floyd was the aggressor in the incident and that his behavior was out of all proportion to Mr. Delesdernier’s comment regarding using a civil tone. The only witness to contradict this account was Mr. Floyd himself. However, Mr. Floyd’s testimony was self-serving and less than completely credible based on his irate state at the time of the incident.
The trial judge further found:
[T]he Court finds by clear evidence that Mr. Floyd committed an assault in violation of La. R.S. 14:36, in that he did “intentionally plac[e] another in reasonable apprehension of receiving a battery.” Mr. Floyd’s demeanor toward Mr. Delesdernier was certainly threatening, even if his words, standing alone, were not. Therefore, findings of irreparable injury and lack of other adequate legal remedy were not required in order to grant the injunction.
Therefore, the trial judge found that, because Mr. Floyd’s conduct was unlawful, Mr. Delesdernier was not required to prove irreparable harm for an injunction to issue; however, even if Mr. Delesdernier was required to prove irreparable harm, she found irreparable harm present under the facts of this case.' Mr. Floyd appeals the trial court’s judgment.

DISCUSSION

Motion to Dissolve the Temporary Restraining Order

|fiMr. Floyd seeks review of the trial court’s judgment, dismissing with prejudice his motion to dissolve the temporary restraining order. Mr. Floyd argues that he is entitled to attorney’s fees for the improper issuance and extension of the temporary restraining order under La. C.C.P. art. 3608.[1] Mr. Floyd asserts various grounds upon which the temporary *1163 restraining order should be dissolved, including failure to initially require security and the allegedly improper extension of the temporary restraining order after its expiration.[2]
The review of the granting or denial of a petition for a temporary restraining order is governed by La. C.C.P. art. 3612, which provides that “[t]here shall be no appeal from an order relating to a temporary restraining order.” Louisiana jurisprudence has consistently held that an appellate court has no authority on appeal to consider the propriety of the trial court judgment refusing to grant or dissolve a temporary restraining order. See Zeringue v. St. James Parish School Board, 13-444 (La.App. 5 Cir. 11/19/13), 130 So.3d 356, 358; Harper v. Harper, 00-1425 (La.App. 5 Cir. 1/30/01), 777 So.2d 1275, 1277; Gaumnitz v. Williamson, 36,177 (La.App. 2 Cir. 8/14/02), 824 So.2d 531; Darmana v. New Orleans Stock Yard, Inc., 226 La. 897, 77 So.2d 528 (1954). Accordingly, the trial court’s dismissal of Mr. Floyd’s' motion to dissolve the restraining order is not properly before this Court.

Petition for Preliminary Injunction

As to the preliminary injunction, Mr. Floyd first asserts that the trial judge erred in finding that Mr. Delesdernier was not required to prove irreparable harm. 1 (¡Second, he contends that Mr. Delesdernier failed to prove that he was entitled to injunctive relief because he failed to prove irreparable harm or that no other adequate remedy exists.
An injunction shall be issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law. La. C.C.P. art. 3601(A); Saer v. New Orleans Reg'l Physician Hosp. Org., 14-856 (La.App. 5 Cir. 3/25/15), 169 So.3d 617, 620. An injunction is a harsh, drastic, and extraordinary remedy, and should only issue where the party seeking it is threatened with irreparable loss or injury without adequate remedy at law. Irreparable injury means the moving party cannot be adequately compensated in money damages for his injury or suffers injuries which cannot be measured by pecuniary standards. Lafreniere Park Foundation v. Friends of Lafreniere Park, Inc., 97-152 (La.App. 5 Cir. 7/29/97), 698 So.2d 449, 452, writ denied, 97-2196 (La.11/21/97), 703 So.2d 1312.
 However, a petitioner is entitled •to injunctive relief without the requisite showing of irreparable harm when the conduct sought to be restrained is unconstitutional or unlawful. Once a petitioner has made a prima facie showing that the conduct to be enjoined is reprobated by law, the petitioner is entitled to injunctive relief without the necessity of showing that no other adequate remedy exists. Jurisich v. Jenkins, 99-0076 (La.10/19/99), 749 So.2d 597, 599; Ouachita Parish Police Jury v. American Waste & Pollution Control, 606 So.2d 1341 (La.App. 2 Cir.1992), writ denied, 609 So.2d 234 (La.1992), cert. denied, 508 U.S. 909, 113 S.Ct. 2339, 124 L.Ed.2d 249 (1993); City of Baton Rouge Parish v. State, 07-0005 (La.App. 1 Cir. 9/14/07), 970 So.2d 985, 990.
The trial judge has broad discretion in granting or denying a petition for preliminary injunction. City of Baton Rouge Parish v. State, 970 So.2d at 990. *1164 |7The trial court’s issuance of a preliminary injunction will not be disturbed on appeal absent a clear abuse of discretion. Id.
Upon our review of the record in this matter, we find that the trial judge did not abuse her discretion in issuing the preliminary injunction. The trial judge thoroughly considered the; witness’ testimony, as reflected in her well-reasoned, written Reasons for Judgment. The trial judge found that Mr. Floyd committed an assault upon Mr. Delesdernier in violatidn of La. R.S. 14:36. We cannot say, based upon the testimony presented, that this factual finding is manifestly erroneous. Therefore, because Mr. Floyd’s conduct, and the conduct sought to be enjoined, is unlawful, we find that the trial judge did not err in determining that Mr. Delesdernier was not required to make a showing of irreparable harm and in issuing the injunction against him.

CONCLUSION

Accordingly, for the reasons provided herein, the judgment of the trial court is affirmed.

AFFIRMED

. La. C.C.P. art. 3608 provides:
The court may allow damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion- to dissolve or on a reconventional demand. Attorney's fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits.

. This argument is based upon the fact that the initial temporary restraining order expired by its own terms at 10:00 a.m. on July 30, 2014. On that date, at 9:22 a.m., Mr. Delesdernier filed a motion to extend the temporary restraining order. However, due to various judges’ recusals and one judge being on vacation and not immediately accessible, the order extending and/or renewing the temporary restraining order was not signed until 2:40 p.m. on that same date.